# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronald C.,**
**Petitioner Below, Petitioner**

**vs)   No. 16-1190** (Greenbrier County 15-C-12)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ronald C.,[1] pro se, appeals the November 18, 2016, order of the Circuit Court of Greenbrier County dismissing his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 3, 2001, petitioner was indicted on ninety counts of various felony sex crimes against five females, who were minors at the time of the alleged offenses.[2] The indictment also charged petitioner with one count of misdemeanor intimidation of a witness because he allegedly attempted to intimidate one of the victims into recanting her statements to the police. Among the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The earliest offense charged in the indictment occurred in 1987, while the most recent offense occurred in 2001.

1

five alleged victims were petitioner's daughter and niece as well as a woman, S.W.C., whom he eventually married. Petitioner and S.W.C. were separated by the time of the indictment.[3]

Petitioner and the State reached a plea agreement whereby he pled guilty to two counts of sexual assault by a parent, guardian, or custodian; one count of incest; and one count of intimidation of a witness pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).[4] The remaining counts were dismissed, and none of the counts to which petitioner pled guilty alleged misconduct involving S.W.C.

Pending sentencing, petitioner underwent a sex offender evaluation by Susan McQuaid, who was retained by the defense. Ms. McQuaid deemed petitioner a poor candidate for treatment based on the following: (1) his low I.Q. would make it difficult for him to process information provided in treatment; (2) he minimized his conduct; and (3) S.W.C. claimed that, after her marriage to petitioner, he eventually lost interest in their adult sexual relations, which suggested that he tended toward exclusive pedophilia—a type of pedophilia that is particularly difficult to treat.

The State presented the testimony of both Ms. McQuaid and S.W.C. at petitioner's November 21, 2002, sentencing hearing. During Ms. McQuaid's testimony, she explained the difference between exclusive and non-exclusive pedophilia:

> If a person has ongoing adult sexual relationships while they are molesting children, they are considered at less risk [of reoffending]. If you consider sexual groups, homosexuality, heterosexuality, pedophilia, our view of pedophilia is [that] people who target children only . . . we do not treat people who target children only.
>
> ****
>
> Because it's kind of a sexual preference and you can't steer them towards having sexual relationships with adults so if you're not going to be able to help them then it doesn't make a lot of sense putting them into a treatment program.

Petitioner objected to S.W.C.'s testimony on the ground that Rule 32(f)(1) of the West Virginia Rules of Criminal Procedure excluded her from its definition of "victim" because none of

---

[3]At a November 21, 2002, sentencing hearing, S.W.C. testified that she and petitioner were divorced in December of 2001.

[4]In syllabus point 1 of *Kennedy*, we held that circuit courts may accept a criminal defendant's plea of guilty despite a claim of innocence "if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." 178 W.Va. at 10, 357 S.E.2d at 43.

the counts to which he pled guilty involved S.W.C.[5] The circuit court overruled the objection finding that, though S.W.C. was not a "victim" as defined by Rule 32(f)(1), she could testify as to petitioner's conduct that was "relevant to the issue of sentencing." S.W.C. testified that, when she was twelve-years-old, petitioner got her drunk and began having sexual relations with her.[6] S.W.C. further testified that petitioner's conduct towards her caused her not to have trusting relationships with men.

At the sentencing hearing's conclusion, the circuit court found that petitioner engaged in similar conduct with regard to his victims:

> It was exactly the same thing down to the drinking, daring, playing games, touching, fondling, statements of love and devotion that lead to betrayal of sexual abuse and him—not just his own selfish carnal pleasure that he found in these children but the even—perhaps even worse offense of making them feel like they were participants and as much responsible for the behavior as he was even though they were just children.

The circuit court rejected petitioner's request for concurrent sentencing, finding that he "would almost certainly re-offend if [he] were sexually active upon being released from the penitentiary" and that it was ordering consecutive sentencing so that he would be "less inclined to be preying on children [than he] would be at any time sooner than that."

The circuit court imposed consecutive sentences with regard to petitioner's sexual offense convictions for an aggregate term of twenty-five to fifty-five years of incarceration.[7] Petitioner desired to appeal his sentence, but his trial attorney focused on filing a motion for resentencing. The circuit court denied the motion for resentencing on May 19, 2003. No criminal appeal was filed at that time.

On June 7, 2005, petitioner filed pro se a petition for a writ of habeas corpus alleging that his trial attorney was ineffective and that he was denied his right to appeal his sentence. The circuit court appointed an attorney to represent petitioner and held a habeas corpus hearing on May 19, 2006. By order entered on July 28, 2006, the circuit court found that petitioner's trial attorney was not ineffective. The circuit court determined that petitioner's trial attorney's conduct at the sentencing hearing was based on legitimate strategic decisions and that, even if they were in error,

---

[5]Rule 32 governs the imposition of sentence and entry of judgment in criminal cases.

[6]According to respondent, petitioner was thirty-two years old when S.W.C. was twelve years old. The indictment reflects that petitioner's alleged sexual misconduct with S.W.C. occurred between 1987 and 1988.

[7]The circuit court ordered that petitioner's sentence for intimidation of a witness run concurrently with his sexual offense sentences.

3

the outcome of the hearing would still be the same. On the other hand, the circuit court found that petitioner was denied his right to appeal. The circuit court reset petitioner's appeal time in his criminal case by resentencing him in its July 28, 2006, order.

Petitioner sought review of the circuit court's July 28, 2006, order in Case No. 070495.[8] In the same appeal, petitioner exercised his renewed right to appeal in his criminal case by challenging the circuit court's decision at the sentencing hearing to consider his alleged misconduct outside the counts to which petitioner pled guilty. By order entered on June 5, 2007, this Court refused petitioner's appeal.

On December 14, 2009, petitioner filed pro se a second habeas petition alleging that his habeas attorney was ineffective. By order entered on May 10, 2010, the circuit court denied the petition, finding that petitioner's habeas attorney's performance was adequate. Petitioner sought review of the circuit court's July 28, 2006, order in Case No. 100693, but this Court refused his appeal on October 27, 2010.[9]

On January 26, 2015, petitioner filed pro se a third habeas petition alleging that his trial and habeas attorneys failed to challenge S.W.C.'s testimony at the sentencing hearing on the ground that the testimony violated Rule 404(b) of the West Virginia Rules of Evidence, which generally prohibits evidence of prior bad acts. Petitioner also requested that he be sent various sealed psychological evaluations contained in his criminal file. The circuit court dismissed the habeas petition by order entered on November 18, 2016. The circuit court found that Rule 404 did not apply to sentencing hearings pursuant to Rule 1101(b)(3) of the West Virginia Rules of Evidence. With regard to the psychological evaluations, the circuit court referred to an earlier discovery order, entered on June 5, 2014, prohibiting petitioner from having access to those evaluations except through an attorney. The November 18, 2016, order and the earlier June 5, 2014, discovery order both found that restricted access was necessary because the psychological evaluations contained "written depictions of children in a sexual manner."[10] In its November 18, 2016, order, the circuit court found that petitioner "presented no justification or basis" for access to the sealed psychological reports. In dismissing petitioner's petition, the circuit court noted that, pursuant to syllabus point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), a habeas petition can be dismissed without a hearing or appointment of counsel when the record so warrants.

---

[8]We take judicial notice of the record in Case No. 070495.

[9]We take judicial notice of the record in Case No. 100693.

[10]In its June 5, 2014, discovery order, the circuit court noted that petitioner filed his motion for discovery in 2012 and the court directed the circuit clerk to send petitioner a copy of the State's discovery in his criminal case. Petitioner objected that the circuit clerk's correspondence did not include the sealed psychological evaluations. Given the graphic depictions in the psychological evaluations, the circuit court found that "it would be inappropriate to transmit copies to [p]etitioner at his institutional address."

Petitioner now appeals the circuit court's November 18, 2016, order dismissing his habeas petition. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In syllabus point 3 of *Anstey*, we held as follows:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief. Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).' Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004) [(per curiam)]."

237 W.Va. at 412, 787 S.E.2d at 866.

On appeal, the parties dispute whether the instant petition constitutes a successive habeas petition that is barred by the doctrine of res judicata. In syllabus points 1 and 4 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held as follows:

> 1.     An omnibus habeas corpus hearing as contemplated in W.Va. Code [§§] 53-4A-1 [through 53-4A-11] occurs when: (1) an applicant for habeas corpus is represented by counsel or appears *pro se* having knowingly and intelligently waived his right to counsel; (2) the trial court [e]nquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waived his right to counsel; and, (4) the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding.

> ****

> 4.     A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing;

5

newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Though the circuit court considered the merits of petitioner's petition under the ineffective assistance of habeas counsel exception set forth in syllabus point 4 of *Losh*, petitioner now contends that his first habeas proceeding was not an omnibus proceeding pursuant to syllabus point 1. Petitioner points out that the circuit court found that the *Losh* checklist, which is a tool used to ensure that a habeas petitioner is informed that all habeas grounds not raised will be deemed waived,[11] was missing from the record. However, the circuit court further found that its July 28, 2006, order denying the first habeas petition contained the notation required by syllabus point 1 of *Losh* that petitioner was advised regarding his obligation to raise all grounds for post-conviction relief in one proceeding. Upon our review of the July 28, 2006, order, we concur that it includes such a notation. Therefore, we conclude that petitioner's first habeas proceeding was an omnibus proceeding and the doctrine of res judicata, as set forth in syllabus point 4 of *Losh*, applies to this case.

Petitioner contends that his habeas attorney failed to raise his trial attorney's failure to prevent S.W.C.'s testimony at the sentencing hearing. In syllabus point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), we held as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Respondent argues that the circuit court properly found that a Rule 404(b) analysis was not required before it allowed S.W.C. to testify at petitioner's sentencing hearing. We find that the circuit court properly determined that Rule 1101(b)(3) includes sentencing hearings among those proceedings, during which the Rules of Evidence generally "do not apply." *See State ex rel. Dunlap v. McBride*, 225 W.Va. 192, 202, 691 S.E.2d 183, 193 (2010) (per curiam) (same).

Acknowledging that S.W.C.'s testimony did not need to be analyzed as evidence of prior bad acts, petitioner points to Rule 32(f)(1) of the Rules of Criminal Procedure, which excludes S.W.C. from its definition of "victim" because none of the counts to which he pled guilty involved her. If a person is a "victim" pursuant to Rule 32(f)(1) in cases involving violence or sexual abuse, the circuit court must "address the victim personally if the victim is present at the sentencing

---

[11]In *Losh*, we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding. 166 W.Va. at 768-70, 277 S.E.2d at 611-12.

hearing and determine if the victim wishes to make a statement or present any information in relation to the sentence." Rule 32(c)(3)(E),W.Va.R.C.P.[12]

We note that petitioner's trial attorney objected to S.W.C.'s testimony based on Rule 32(f)(1) and obtained a ruling on that ground, which undermines petitioner's claim that the attorney was ineffective on that basis. Moreover, "[a]bsent a few exceptions, this Court will review evidentiary. . . rulings of the circuit court under an abuse of discretion standard." *State v. Swims*, 212 W.Va. 263, 269-70, 569 S.E.2d 784, 790-91 (2002) (quoting Syl. Pt. 9, in part, *Tudor v. Charleston Area Medical Center, Inc.*, 203 W.Va. 111, 506 S.E.2d 554 (1997)); *see also Dunlap*, 225 W.Va. at 202, 691 S.E.2d at 193 (finding that "[a] trial court has wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed") (internal quotations and citations omitted). The circuit court found that, though S.W.C. was not a "victim" as defined by Rule 32(f)(1), her testimony was "relevant to the issue of sentencing." We find that the circuit court's ruling as to the relevancy of S.W.C.'s testimony was correct because petitioner's own retained expert found that his behavior toward S.W.C showed that he had a type of pedophilia that was particularly difficult to treat. Therefore, we conclude that the circuit court did not abuse its discretion in allowing S.W.C. to testify at petitioner's sentencing hearing and, accordingly, that petitioner's habeas attorney was not ineffective for failing to raise this issue in the first such proceeding.[13]

Finally, we decline to address petitioner's claim that the circuit court abused its discretion in finding that he "presented no justification or basis" for access to the sealed psychological reports contained in his criminal case.[14] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides as follows: "The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." *See also State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that insufficiently briefed issues will not be considered).

---

[12]In other words, in such cases, the victim has a right of allocution. *See* Rule 32(F)(1), W.Va.R.C.P.

[13]We further find that, contrary to petitioner's contention, the circuit court did not reject his request for concurrent sentencing with regard to his sexual offense convictions based on S.W.C's testimony. Rather, the circuit court imposed consecutive sentences with regard to those convictions based on the high probability that petitioner would re-offend if released from prison at a relatively young age, explaining that it was ordering consecutive sentencing so that he would be "less inclined to be preying on children [than he] would be at any time sooner than that."

[14]In Syllabus point 3 of *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 532 S.E.2d 654 (2000), we held that discovery rulings in habeas cases are reviewed only for an abuse of discretion. *See* Syl. Pt. 2, *State ex rel. Wyant v. Brotherton*, 214 W.Va. 434, 589 S.E.2d 812 (2003) (same).

Petitioner makes only two vague statements regarding the circuit court's discovery ruling. First, petitioner states that a medical report—not a psychological report—shows that one victim was not sexually assaulted, but fails to identify the victim. Given petitioner's request for *psychological* reports and the total number of victims in this case, that statement fails to provide sufficient information for us to fully consider his argument. Second, petitioner indicates that the filing of the instant habeas petition was an effort to comply with the circuit court's June 5, 2014, discovery order, which provides that he may have access to the psychological reports if the conditions stated therein are met. However, rather than explaining how the petition complies with the discovery order, petitioner merely quotes from the order and leaves us to surmise as to how he attempted to meet its requirements. We note that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim" and that "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam); *accord State v. Honaker*, 193 W.Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994). Accordingly, we conclude that the circuit court properly dismissed petitioner's habeas petition without a hearing or appointment of counsel.

For the foregoing reasons, we affirm the circuit court's November 18, 2016, order dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.


**ISSUED**:   November 17, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

8