589 S.E.2d 812

**STATE of West Virginia ex rel. Roger WYANT, Petitioner,**

**v.**

**Keith BROTHERTON, Clerk, Circuit Court of Jackson County, Respondent.**

**and**

**State of West Virginia ex rel. Lorenzo D. Valentine, Petitioner,**

**v.**

**The Honorable John R. Frazier, Judge, Circuit Court of Mercer County, Respondent.**

No. 30904, 30907.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2003.

Decided Nov. 10, 2003.

Concurring and Dissenting Opinion Justice Albright Dec. 5, 2003.

Albright, J., concurred in part, dissented in part, and filed opinion.

Roger Wyant, Mt. Olive, Petitioner, Pro Se.

Rebecca Stafford, Jackson County Prosecuting Attorney, Ripley, for Respondent Keith Brotherton.

Lorenzo D. Valentine, Huttonsville, Petitioner, Pro Se.

William J. Sadler, Mercer County Prosecuting Attorney, Princeton, for Respondent John R. Frazier, Judge.

DAVIS, Justice.

In these two cases invoking the original jurisdiction of this Court, two inmates seek to use the West Virginia Freedom of Information Act to obtain certain documents from a circuit court for the purposes of filing petitions for writs of habeas corpus. We conclude that inmates must comply with the Rules Governing Post–Conviction Habeas Corpus Proceedings in order to obtain court documents for such purposes. Accordingly, we deny the requested writs.

## I.

## FACTUAL AND PROCEDURAL HISTORY

### A. Roger Wyant

Roger Wyant, a petitioner herein (hereinafter referred to as "Mr. Wyant"), was con-

**1.** Mr. Wyant appealed his conviction to this Court, where the conviction was affirmed. *See State v. Wyant,* 174 W.Va. 567, 328 S.E.2d 174 (1985).

**2.** In his motion, Mr. Wyant requested the following documents:
 1) Copy of Arrest Warrant;
 2) Transcript of Preliminary Minutes;
 3) Transcript of Grand Jury Minutes;
 4) Copy of Indictment Returned;
 5) Copy of all motions filed either for or against the Defendant;
 6) Transcript of the Trial or Proceedings;
 7) Including the opening and closing statements to the Jurors;
 8) Copy of the Jury Instructions;
 9) Sentencing order and Commitment paper.

**3.** A copy of the requested records was also sent to this Court.

**4.** Mr. Wyant's May 29, 2002, request sought the following documents:
 1) Copy of Arrest Warrant;
 2) Copy of Indictment;
 3) Transcript of Jury Voir Dire;
 4) Transcript of Preliminary Minutes/Hearing;
 5) Copy of all Instructions given or refused;
 6) Copy of all Motions filed either for or against the Petitioner;

victed of first degree murder without a recommendation of mercy on August 15, 1983.[1] He is presently serving his life sentence at the Mt. Olive Correctional Complex. On December 5, 1985, Mr. Wyant filed a "MOTION FOR THE PRODUCTION OF TRANSCRIPTS AND RECORDS AT STATE EXPENSE." Mr. Wyant sought various documents related to his criminal trial in order to prepare an appeal.[2] The requested documents were sent to Mr. Wyant at the State Penitentiary in Moundsville, West Virginia, where he was then incarcerated.[3]

Many years later, on May 29, 2002, Mr. Keith Brotherton, Clerk of the Circuit Court of Jackson County and respondent in these proceedings (hereinafter referred to as Mr. Brotherton), received correspondence from Mr. Wyant once again requesting certain documents pertaining to the criminal trial that resulted in his incarceration.[4] This time, Mr. Wyant desired the documents in order to file a petition for writ of habeas corpus. Mr. Wyant sought the documents pursuant to the West Virginia Freedom of information Act (hereinafter referred to as "FOIA").[5]

 7) Copy of all Statements either for or against the Petitioner;
 8) Copy of all other Orders entered in this action;
 9) Copy of all transcripts of hearings held prior to trial and during trial of the Petitioner.
 10) Copy of pre-trial investigation (if any);
 11) Transcripts of the trial or proceedings held in open court;
 12) Copy of plea bargain agreements and transcripts;
 13) Copy of the sentencing and commitment Order;
 14) Copy of any and all video and/or audio recordings made for or against the Petitioner;
 15) Copy of any records and documents not mentioned above in reference to the trial of Petitioner;
 16) Complete Docket sheet.

**5.** Mr. Wyant also asserted his claims under the federal Freedom of Information Act. We note, however, that the federal Act does not apply to state and local governments. *See Davidson v. Georgia,* 622 F.2d 895, 897 (1980) ("the Freedom of Information Act has no application to state governments." (citing 5 U.S.C.A. §§ 551–52)). We therefore limit our discussion to the West Virginia Freedom of Information Act.

By order entered July 10, 2002, the Circuit Court of Jackson County directed Mr. Brotherton to produce the records requested by Mr. Wyant. On July 11, 2002, Mr. Wyant filed a petition for writ of mandamus in this Court. Then, on July 18, 2002, the circuit court rescinded its order of July 10, 2002, finding that "[i]nasmuch as the relief sought by the petition has been provided by the Clerk on one occasion, the petitioner is not entitled to the relief sought by the instant request and petition." This Court granted a rule to show cause, and consolidated this case with a similar petition filed by Lorenzo D. Valentine. Because we find this case to be in the nature of prohibition as opposed to mandamus, we will henceforth treat it as a petition for writ of prohibition. *See, e.g., State ex rel. Riley v. Rudloff,* 212 W.Va. 767, 772, 575 S.E.2d 377, 382 (2002) ("Upon further consideration of the issues herein raised, however, we choose (as we have done in many appropriate cases) to treat this matter as a writ of prohibition." (citations omitted)); *State ex rel. Conley v. Hill,* 199 W.Va. 686, 687 n. 1, 487 S.E.2d 344, 345 n. 1 (1997) ("Although this case was brought and granted as a petition for mandamus, we choose to treat this matter as a writ of prohibition." (citations omitted)), *overruled on other grounds by State v. Hulbert,* 209 W.Va. 217, 544 S.E.2d 919 (2001).

6. Mr. Valentine appealed his conviction to this Court, where the conviction was affirmed. *See State v. Valentine,* 208 W.Va. 513, 541 S.E.2d 603 (2000).

7. Mr. Valentine asserted his claim under both the federal and West Virginia FOIAs. We will address only his claim under the West Virginia FOIA. *See supra* note 5.

8. In his brief to this Court, Judge Frazier explains that the co-defendant, like Mr. Valentine, had received a sentence of fifteen years. However, this co-defendant had also received a sentence of sixty-three years for an unrelated federal offense. The circuit court reconsidered the co-defendants sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure. The circuit court suspended the sentence and placed the co-defendant on probation, to commence upon his release from federal custody.

9. Rule 7 states:
 **Rule 7. Discovery.**
 (a) *Leave of court required.*—In post-conviction habeas corpus proceedings, a prisoner

## B. Lorenzo D. Valentine

Lorenzo D. Valentine, a petitioner herein (hereinafter referred to as "Mr. Valentine"), was sentenced to fifteen years in the penitentiary after pleading guilty to voluntary manslaughter.[6] He is presently serving his sentence at Huttonsville. Indicted along with Mr. Valentine were two co-defendants who also pled guilty to voluntary manslaughter. On May 17, 2002, Mr. Valentine submitted a FOIA request[7] to the Mercer County Circuit Court seeking documents relating to the sentencing of one of his co-defendants.[8] He sought these documents for the purpose of filing a petition for writ of habeas corpus. Attached with his request was an application to proceed in *forma pauperis.* By order entered June 21, 2002, the Circuit Court of Mercer County denied Mr. Valentine's FOIA request. The circuit court concluded that Mr. Valentine's "request for documents is a Request for Discovery as found under Rule 7 of the W. Va. Rules of Post–Conviction Habeas Corpus Proceedings."[9] The circuit court then reasoned that Rule 7 grants leave to conduct discovery only after a petition for Habeas Corpus has been filed. Because Mr. Valentine had not yet filed his petition, the circuit court concluded that he was not entitled to the documents requested. Mr. Valentine then filed a petition for writ of prohibition in this Court.[10] We granted a rule to

may invoke the processes of discovery available under the West Virginia Rules of Civil Procedure if, and to the extent that, the court in the exercise of its discretion, and for good cause shown, grants leave to do so. If necessary for effective utilization of discovery procedures, counsel shall be appointed by the court for a petitioner who qualifies for the appointment of counsel under Rule 3(a).
(b) *Requests for Discovery.*—Requests for discovery shall be accompanied by a statement of the interrogatories or requests for admission and a list of the documents, if any, sought to be produced.
(c) *Expenses.*—If the respondent is granted leave to take the deposition of the petitioner or any other person, the court may, as a condition of taking the deposition, direct the respondent to pay the expenses of travel, subsistence and fees of counsel for the petitioner to attend the taking of the deposition.

10. The respondent, the Honorable John R. Frazier, Judge, Circuit Court of Mercer County, states that after the filing of Mr. Valentine's petition, he

show cause and consolidated this case with a similar case filed by Roger Wyant.

## II.

## STANDARD FOR WRIT OF PROHIBITION

 In the context of prohibition, Messrs. Wyant and Valentine seek to have this court prohibit enforcement of the circuit court orders denying their FOIA requests. They do not contend that the circuit courts were without jurisdiction to enter their respective orders, thus the arguments presented by Messrs. Wyant and Valentine must be interpreted as alleging that the circuit courts have exceeded their legitimate powers by entering the challenged orders. The posture of our consideration of a petition for writ of prohibition raised in this context was set out in Syllabus point 4 of *State ex rel. Hoover v. Berger*,

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impres-

sion. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

199 W.Va. 12, 483 S.E.2d 12 (1996). With the foregoing directions in mind, we proceed to address the issues herein raised.

## III.

## DISCUSSION

 Both Mr. Wyant and Mr. Valentine contend that they are entitled to the documents they have requested under the FOIA. They both argue that the refusal to provide them the requested documents has interfered with their right to pursue their petitions for writ of habeas corpus. We disagree.

 Messrs. Wyant and Valentine are, in effect, attempting to use the FOIA as a discovery device to obtain information they hope to use in connection with a petition for habeas corpus. We have explained, however, that "unlike an ordinary civil litigant, a habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 390, 532 S.E.2d 654, 659 (2000) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1797, 138 L.Ed.2d 97, 103 (1997)). Pursuant to Rule 7(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings: "[i]n post-conviction habeas corpus proceedings, a prisoner may invoke the processes of discovery available under the West Virginia Rules of Civil Procedure *if, and to the extent*

---

forwarded to Mr. Valentine copies of all the sentencing orders entered in the case involving Mr. Valentine's co-defendant. Nevertheless, Judge Frazier encourages this Court to address the issues herein raised as they are matters of great public interest and are susceptible of repetition. We agree with Judge Frazier that this case meets the criteria for addressing a technically moot issue as set out in Syllabus point 1 of *Israel by Israel v. West Virginia Secondary Schools Activities Comm'n*, 182 W.Va. 454, 388 S.E.2d 480 (1989):

> Three factors to be considered in deciding whether to address technically moot issues are

as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

*that, the court in the exercise of its discretion, and for good cause shown, grants leave to do so."* (Emphasis added). Interpreting this rule, we have held that

[i]n proceedings under the West Virginia Post–Conviction Habeas Corpus Act, W. Va.Code §§ 53–4A–1 to –11, discovery is available *only* where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if resolved in the petitioner's favor, would entitle him or her to relief.

Syl. pt. 3, *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 532 S.E.2d 654 (emphasis added). If we were to allow inmates to use the FOIA to obtain documents for purposes of filing a writ of habeas corpus, we would be permitting them to circumvent the established procedure for obtaining documents for this purpose and we would effectively render Rule 7 meaningless.

Messrs. Wyant and Valentine argue, however, that they need the requested documentation in order to *prepare* their respective petitions. We find such an argument to be without merit. The Habeas Corpus Rules set out the criteria for a petition as follows:

The petition shall be in substantially the form annexed to these rules as Appendix A. The petition shall specify: (1) all the grounds for relief which are available to the petitioner; (2) a summary of the facts supporting each of the grounds specified; and (3) a specific statement of the relief requested. The petition shall be typewritten or legibly handwritten and shall be signed or verified under penalty of perjury by the petitioner.

Rule 2, in part, Rules Governing Post–Conviction Habeas Corpus Proceedings. Plainly absent from this rule is any requirement for the attachment of supporting documentation. Similarly, the instructions for the form petition provided in Appendix A permit, but do not require, the attachment of supporting documentation. Instruction number 2 states, in relevant part: "[a]dditional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief." The form petition provided in the appendix to the rules is intended to assist a petitioner in stating simply and concisely the grounds upon which the petitioner claims he or she is being held unlawfully, and in providing a brief statement of the facts supporting such claims. To reach this end, the form even goes so far as to provide "a list of the most frequently raised grounds for relief in habeas corpus proceedings." [11] Appendix A, Rules Governing Post–Conviction Habeas Corpus Proceedings.

Because there is no requirement in the Habeas Corpus Rules that supporting documentation must be attached to the petition, there is no need for an inmate to utilize the FOIA to obtain court records prior to filing a petition. Once a petition is filed and survives preliminary consideration by the circuit court as detailed in Rule 4(c),[12] there are ample provisions within the rules, in addition to discovery, to assure that the circuit court is furnished with any and all available documentation necessary for its decision on the merits. For petitions that survive Rule 4(c), the circuit court "shall order the respondent

---

**11.** The instructions for the form petition are clear, however, in advising that a petitioner is not limited to the grounds listed. In this regard, the instructions within the form itself expressly state: "[y]ou may raise any grounds which you may have other than those listed. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully." Appendix A, Rules Governing Post–Conviction Habeas Corpus Proceedings.

**12.** Rule 4(c) of the Rules Governing Post–Conviction Habeas Corpus Proceedings states:

*Evaluation for summary dismissal; contents of summary dismissal order.*—The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter

an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived. If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal.

to file an answer or other pleading ... or to take such other action as the court deems appropriate." Rule 4(d), Rules Governing Post–Conviction Habeas Corpus Proceedings. Under Rule 5,

> [t]he answer shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished and what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court, on its own motion or upon request of the petitioner, may order that further portions of the existing transcripts be transcribed and furnished. If a transcript is neither available nor procurable, a properly verified narrative summary of the evidence may be submitted.

Finally, a circuit court may direct that the record be expanded:

> (a) *Direction for expansion.*—If the petition is not summarily dismissed, the court may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition.
>
> (b) *Materials to be added.*—The expanded record may include, without limitation, letters predating the filing of the petition in the court, documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the court. Affidavits may be submitted and considered as part of the record.
>
> (c) *Submission to opposing party.*—In any case in which an expanded record is directed, copies of the letters, documents, exhibits, and affidavits proposed to be included shall be submitted to the other party against whom they are to be offered, and he or she shall be afforded an opportunity to admit or deny their correctness.

> (d) *Authentication.*—The court may require the authentication of any material under subdivision (b) or (c).

Rule 8, Rules Governing Post–Conviction Habeas Corpus Proceedings.

The Rules Governing Post–Conviction Habeas Corpus Proceedings blend to create a balanced system that contemplates the rights of the inmate petitioners as well as the interests of the court system. Under the foregoing rules, an inmate may initiate a post-conviction habeas corpus proceeding with a relatively simple petition that requires only minimal information. Once a petition is filed, the circuit court has numerous means at its disposal to assure that petitioners asserting claims that appear meritorious have available the means necessary to create an adequate record to support those claims. At the same time, however, the circuit court retains the power to prevent abuses and unnecessary burdens on the court system when habeas corpus petitions are without merit. To allow inmates to use the FOIA to obtain records from circuit courts prior to filing their petitions for habeas corpus and initiating the procedure so carefully set out in the habeas corpus rules would upset this balance.[13] Consequently, we hold that an inmate may not use the Freedom of Information Act, W. Va.Code § 29B–1–1 *et seq.*, to obtain court records for the purpose of filing a petition for writ of habeas corpus. Instead, an inmate is bound to follow the procedures set out in the Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia for filing a petition for writ of habeas corpus and to obtain documentation in support thereof.

Because Messrs. Wyant and Valentine may not utilize the FOIA to obtain documents for purposes of filing a writ of habeas

---

**13.** We recognize that Rule 10.04 of the West Virginia Trial Court Rules permits access to court files and other court records under the FOIA. While this rule is in conflict with our interpretation today of the Habeas Corpus Rules, the Habeas Corpus Rules are more specific in the realm of habeas corpus proceedings, and thus, must govern our decision. "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syl. pt. 1, *UMWA by Trumka v. Kingdon,* 174 W.Va. 330, 325 S.E.2d 120 (1984). While this is technically a principle of *statutory* construction, it has been recognized that "[w]hen considering rules promulgated by courts, courts apply the principles of statutory construction." 20 Am.Jur.2d *Courts* § 51, at 370 (1995).

corpus, the circuit courts did not exceed their jurisdiction in denying the requests.

### IV.

### CONCLUSION

For the reasons set out in the body of this opinion, the writs of prohibition are denied.

Writs Denied.

Justice ALBRIGHT concurs in part, dissents in part, and reserves the right to file a separate opinion.

ALBRIGHT, Justice, concurring in part, dissenting in part.

(Filed Dec. 5, 2003)

Although I agree that an incarcerated person has no *entitlement* under our case law or post-conviction habeas corpus rules to obtain court or other public records in order to perfect a habeas corpus petition, I must dissent to the majority's unfounded conclusion that incarcerated persons may not employ the provisions of the Freedom of Information Act (hereinafter referred to as "FOIA") to obtain court records for such purposes.

The express purpose of FOIA is to enable persons[1] to access public records held by governmental agencies, which obviously includes courts. W.Va.Code §§ 29B–1–1, 29B–1–3. Had the convicted persons in this matter, like any other person, supplied or guaranteed payment for the requested information and otherwise met the statutory requirements, I see no basis in the provisions of FOIA for denying the request. Thus the majority clearly has overstepped judicial bounds by engrafting a new prerequisite for obtaining public information under FOIA. As a practical matter, the judicially created exception to FOIA may be readily circumvented by the incarcerated requestor either not stating an intended use for the information, which the statute does not require, or having a relative or friend request the information for them.

Since I find no sound basis in law or reason in the majority's clear implication that FOIA cannot be used by a person merely because he or she has been convicted of a crime, I have no choice but to respectfully dissent in this regard.

---

1. The term "person" is defined within FOIA to include "any natural person, corporation, partnership, firm or association." W.Va.Code § 29B–1–2 (1977) (Repl.Vol.2002). The Legislature has also provided in its rules for construing statutes that "[t]he word 'convict' means a *person* confined in the penitentiary of this or any other state, or of the United States." W.Va.Code § 2–2–10(*o*) (1998) (Repl.Vol.2002) (emphasis added).