# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 22, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Joseph Eugene Howard,**
**Petitioner Below, Petitioner**

**vs)   No. 17-1102** (Pocahontas County 17-C-18)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Eugene Howard, pro se, appeals the November 14, 2017, order of the Circuit Court of Pocahontas County dismissing without prejudice petitioner's petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Scott E. Johnson, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted by a jury of burglary and grand larceny. Following the filing of a recidivist information, a separate jury convicted petitioner of being a habitual criminal pursuant to West Virginia Code § 61-11-18(c).[2] The circuit court sentenced petitioner to one to fifteen years of incarceration for his burglary conviction and to one to ten years of incarceration for his

---

[1]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[2]Petitioner's prior felony convictions were for burglary on April 23, 1983, in Jackson County, Georgia, and for grand larceny on October 30, 1997, in Highland County, Virginia.

1

conviction for grand larceny. For petitioner's recidivist conviction, the circuit court sentenced him to a life term of incarceration. Petitioner sought review of his burglary and grand larceny convictions in Case No. 041681, but this Court refused his appeal on January 20, 2005. Petitioner sought review of his recidivist conviction in Case No. 041682, but this Court refused that appeal on January 20, 2005.

Petitioner's omnibus habeas corpus proceeding occurred in 2008. At the January 3, 2008, evidentiary hearing, petitioner "knowingly and intelligently waived his right to counsel[.]" Thereafter, petitioner was advised regarding "his obligation to raise all grounds for post[-]conviction relief in one proceeding" and that subsequent habeas petitions would be viewed with disfavor. By order entered February 6, 2008, the circuit court denied habeas relief. Petitioner sought review of the circuit court's denial of relief in Case No. 080938, but this Court refused that appeal on June 17, 2008.

On June 28, 2017, petitioner filed a habeas petition, alleging that he was actually innocent based on newly discovered evidence. Petitioner stated that:

> [He] [o]verheard prison staff state that [West Virginia] State Police Officer Tim McDaniels admitted that he and others coached Argile C. Arbogast, the alleged victim in the petitioner's case, to lie and say that the petitioner broke into the alleged victim's house and stole items that he did not steal.

> The petitioner did not break into the Argile C. Arbogast residence and he did not commit the offense of [g]rand [l]arceny.

After filing his petition, petitioner served requests for admissions on Trooper McDaniels and respondent pursuant to Rule 36 of the West Virginia Rules of Civil Procedure. Petitioner asked that Trooper McDaniels and respondent admit that the allegations set forth in his petition were true. However, neither Trooper McDaniels nor respondent answered the requests for admissions.

Without addressing petitioner's attempts to conduct discovery under the Rules of Civil Procedure, the circuit court dismissed his habeas petition. The circuit court recognized that, pursuant to syllabus point four of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), a habeas petitioner may raise newly discovered evidence in a successive petition.[3] The circuit court

---

[3]In syllabus point 4 of *Losh*, we held:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; *newly discovered evidence*; or, a change in the law, favorable to the

(continued . . .)

found that petitioner failed to provide adequate factual support for his allegations. The circuit court designated its dismissal as without prejudice pursuant to Rule 4(c) of the West Virginia Rules Governing Habeas Corpus Proceedings ("Habeas Rules"), stating that petitioner "may refile the [p]etition with adequate factual support."

Petitioner now appeals the circuit court's November 14, 2017, order dismissing his habeas petition without prejudice. Habeas Rule 4(c) provides, in pertinent part, that: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal." We review the circuit court's dismissal pursuant to the standard of review applicable to habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that respondent's and Trooper McDaniels' failure to respond to his discovery requests should be deemed "conclusive evidence" of his innocence. Respondent counters that there was no need to answer petitioner's requests for admissions because a habeas petitioner may not conduct discovery without leave of court. We agree with respondent. Habeas Rule 7(a) provides that "[i]n post-conviction habeas corpus proceedings, a prisoner may invoke the processes of discovery available under the . . . . Rules of Civil Procedure if, and to the extent that, the court in the exercise of its discretion, and for good cause shown, grants leave to do so." Furthermore, in syllabus point two of *State ex rel. Wyant v. Brotherton*, 214 W.Va. 434, 589 S.E.2d 812 (2003), we held:

> "In proceedings under the West Virginia Post-Conviction Habeas Corpus Act, [West Virginia] Code §§ 53-4A-1 to -11, discovery is available only where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if resolved in the petitioner's favor, would entitle him or her to relief." Syllabus point 3, *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 532 S.E.2d 654 (2000).

We further concur with respondent's position that petitioner's claim that he is actually

applicant, which may be applied retroactively.

*Id.* at 762-63, 277 S.E.2d at 608. (Emphasis added.)

3

innocent based on an "[o]verheard" conversation among prison staff is inadequate to justify the holding of a hearing and the appointment of counsel. *See Losh*, 166 W.Va. at 771, 277 S.E.2d at 612 (finding claim with inadequate factual support "does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing"). Therefore, based on our review of the record, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's petition pursuant to Habeas Rule 4(c).

For the foregoing reasons, we affirm the circuit court's November 14, 2017, order dismissing without prejudice petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 22, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4