# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2020 Term**

_____

No. 18-0882

_____

**FILED**

**May 22, 2020**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA EX REL.
DAVID E. TACKETT,**
Petitioner

**V.**

**HONORABLE DARL W. POLING,
JUDGE OF THE CIRCUIT COURT OF RALEIGH COUNTY,**
Respondent

_____

**PETITION FOR WRIT OF MANDAMUS**

**WRIT GRANTED AS MOULDED**

_____

Submitted: January 14, 2020
Filed: May 22, 2020

**Dana F. Eddy**
**Appellate Advocacy Division**
**Public Defender Services**
**Charleston, West Virginia**
**Attorney for the Petitioner**

**Patrick Morrisey**
**Attorney General**
**Karen Villanueva-Matkovich**
**Deputy Attorney General**
**Charleston, West Virginia**
**Attorneys for the Respondent**

**JUSTICE JENKINS delivered the Opinion of the Court.**

**JUSTICE HUTCHISON, deeming himself disqualified, did not participate in the decision of this case.**

**JUDGE PAUL T. FARRELL, sitting by temporary assignment.**

**SYLLABUS BY THE COURT**

1. "Upon request, an indigent defendant in a criminal case who enters a guilty plea is entitled to a transcript of all proceedings against him, including the indictment, pre-trial motions, pre-trial hearings, and any other matter of record." Syllabus point 1, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975).

2. An indigent criminal defendant's entitlement to a free copy of the transcript of the proceedings against him or her, and to all other matters of record, does not include copies of any transcripts or other documents or matters of record that are protected from disclosure, such as copies of any recorded interview of a child victim or any transcript or related documentation of such an interview, which are protected from disclosure under Rule 18.03 of the West Virginia Trial Court Rules.

3. An inmate may not engage in discovery in relation to a post-conviction habeas corpus proceeding prior to the filing of his or her petition seeking a writ of habeas corpus. Discovery may be had in a post-conviction habeas corpus proceeding only after a petition has been filed and only as permitted by Rule 7 of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings.

**Jenkins, Justice:**

This original jurisdiction action in mandamus revisits an indigent inmate's entitlement to transcripts and other material contained in a circuit court's record of a criminal proceeding for the purposes of preparing a post-conviction petition for writ of habeas corpus. We also contemplate whether these documents may be obtained by use of discovery. After considering the parties' briefs, the relevant legal authority, the record submitted for our review, and the oral arguments presented, we reaffirm that an indigent inmate who has entered a plea of guilty is entitled to one free copy of transcripts and other matters of record that are not protected from disclosure for purposes of preparing a post-conviction petition for writ of habeas corpus. In addition, we conclude that discovery may not be used to obtain court records for purposes of preparing a post-conviction petition for writ of habeas corpus, but may be utilized in accordance with Rule 7 of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings after a petition has been filed. Because the petitioner in this case filed a petition in the circuit court in which he entered his guilty plea seeking documents related to his criminal case, and he had not previously received a free copy of his court records, we grant the requested writ. However, because he seeks materials to which he may not be entitled, and that may not be in the circuit court's possession, we grant the requested writ as moulded.

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

In May of 2017, an indictment was issued against the petitioner, David E. Tackett ("Mr. Tackett"), charging him with four offenses related to the first-degree sexual assault of a child under the age of twelve. According to the circuit court judge who presided over the case,[1] during the pretrial phase of the criminal action Mr. Tackett repeatedly filed motions demanding new counsel.[2] As a result, the presiding judge filed an order on April 17, 2018, that denied a motion by defense counsel to withdraw and prohibited Mr. Tackett from continuing to submit filings as a self-represented litigant.[3]

On August 7, 2018, Mr. Tackett entered a plea of guilty to one count of nighttime burglary, two counts of first degree sexual assault of a child, and mandatory

---

[1] The Honorable John A. Hutchison, as Judge of the Circuit Court of Raleigh County, presided over Mr. Tackett's criminal proceedings and filed, as a self-represented litigant, the initial brief responding to Mr. Tackett's petition for writ of mandamus in this Court. Thereafter, Judge Hutchison was appointed to serve as a Justice on this Court. As a result, the Honorable Darl W. Poling, Judge of the Circuit Court of Raleigh County, was substituted as the respondent. Justice Hutchison disqualified himself from participating in the decision of this case.

[2] These filings are reflected in the docket sheet contained in the supplemental appendix record filed in this Court; however, the documents themselves are not included in the appendix record.

[3] In his reply to Mr. Tackett's petition for writ of mandamus, the presiding judge explained that the order directing Mr. Tackett to cease filing motions and sending correspondence to the court was entered, in part, due to the fact that Mr. Tackett requested that the court not inform his lawyer of the correspondence and/or the motions attached thereto.

sentencing for certain sex offenses against children. The circuit court's order memorializing the plea was entered on August 28, 2018.[4]

Despite the presiding judge's order prohibiting Mr. Tackett from submitting filings as a self-represented litigant, Mr. Tackett, as a self-represented litigant, petitioned the Circuit Court of Raleigh County for the "production of documents" on August 27, 2018, which was approximately twenty days after he entered a plea of guilty and one day before the trial court's order memorializing the same was entered. In his petition, Mr. Tackett apparently sought:[5]

> 1. Copy of all Court orders entered in the above-mentioned Indictment case number.
>
> 2. Copy of all transcripts of hearings pertaining to the above mentioned Indictment case number.
>
> 3. Copy of all plea agreements and transcripts of plea hearing.

---

[4] Mr. Tackett is serving a life sentence and is not eligible for parole until after he has served fifteen years of that sentence. If he is released from custody, he is subject to extended post-release supervision for a term of fifty years following his release.

[5] It is not clear from the record that this is an accurate recitation of the exact documents Mr. Tackett sought in his August 27, 2018 petition. The Respondent's supplemental brief explains that Mr. Tackett filed two similar petitions seeking documents. The first, filed on August 27, 2018, apparently referenced Mr. Tackett's desire to file a petition for writ of habeas corpus. The second, filed on October 28, 2019, after he filed his petition for writ of mandamus in this Court, did not. The copy of Mr. Tackett's petition contained in the Respondent's supplemental appendix includes a cover letter date stamped August 27, 2018, which is the date of the first petition Mr. Tackett filed in the circuit court, but the petition itself has no date stamp. The petition accompanying the August 27, 2018 cover letter makes no reference to habeas corpus, thus it would appear to be the October 28, 2019 filing. In the record filed in this Court, there is no copy of a petition filed by Mr. Tackett that references habeas corpus relief.

4. Copy of sentencing and commitment order.

The presiding judge did not respond to his request. On October 11, 2018, Mr. Tackett filed in this Court his "Petition for Writ of Mandamus for the Production of Documents." Mr. Tackett asserts that he requires certain documents[6] to file his habeas corpus petition in which he intends to claim that his guilty plea was not voluntarily and intelligently made.

The presiding judge, as a self-represented litigant, filed a reply on November 13, 2018, which asserts that Mr. Tackett is not entitled to discovery because, pursuant to *State ex rel. Wyant v. Brotherton*, 214 W. Va. 434, 589 S.E.2d 812 (2003), a defendant is not entitled to discovery prior to filing a petition for writ of habeas corpus. The presiding judge did, however, concede that Mr. Tackett may be entitled to certain documents and stated that he would order the clerk to produce a copy of the docket sheet, the indictment, the information, and the final order. Due to the presiding judge's appointment to serve on this Court, Judge Darl W. Poling ("Judge Poling") was substituted as the Respondent in this case.[7]

---

[6] The list of documents requested in Mr. Tackett's petition for writ of mandamus filed in this Court does not exactly match the "Petition for Production of Documents" that is in the appendix record or what the presiding judge's initial response brief filed in this Court states that Mr. Tackett requested below. Mr. Tackett now requests, in addition to his prior request, "copy [sic] of all evidentiary disk [sic], including the West Virginia State Police Forensic Laboratory Discovery Disk." In his supplemental brief, Mr. Tackett states that one category of documents or information he seeks is not in the court's records.

[7] *See* note 1 *supra*.

4

This Court assigned counsel for both parties and directed the parties to provide supplemental briefing to address whether an inmate is entitled to discovery prior to filing a habeas corpus petition.[8] Following the filing of the supplemental briefs, and the presentation of oral arguments, this case was submitted for decision. We now grant the requested writ as moulded.

## II.

## STANDARD FOR ISSUANCE OF WRIT

This is an original jurisdiction proceeding seeking a writ of mandamus. "Mandamus lies to require the discharge by a public officer of a nondiscretionary duty." Syl. pt. 3, *State ex rel. Greenbrier Cty. Airport Auth. v. Hanna*, 151 W. Va. 479, 153 S.E.2d 284 (1967). Certain criteria must exist to warrant issuance of the requested writ.

> Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.

Syl. pt. 3, *Cooper v. Gwinn*, 171 W. Va. 245, 298 S.E.2d 781 (1981). Guided by these standards, we address the issues raised.

---

[8] The parties also were directed to provide supplemental briefing to address whether an inmate may use the West Virginia Freedom of Information Act to obtain court records for the purpose of filing a habeas corpus petition. Upon further consideration, we have determined that this issue need not be addressed to resolve this case and we, therefore, decline to address it.

## III.

## DISCUSSION

The issues presented in this case involve whether an indigent inmate who has entered a plea of guilty and who has not previously received a copy of transcripts and other material contained in the record of his or her criminal proceeding is entitled to those documents when they are sought for purposes of preparing a petition for writ of habeas corpus, and whether discovery is a proper method of obtaining such documents. We address each issue in turn.

### A. Indigent Inmate's Entitlement to One Free Copy of Transcripts and Other Matters of Record

Mr. Tackett argues that, under this Court's holding in *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), he is entitled to a free copy of relevant transcripts and court records from his criminal proceeding because he has not filed a direct appeal and has not yet received a copy of the record of his criminal case.[9] Judge Poling asserts that Mr. Tackett's second petition seeking materials from his criminal proceedings, which was filed on October 28, 2019, did not state a purpose for the request.[10] He then suggests that, because of the absence of a stated purpose for the request of documents, the case should be remanded with directions to determine whether Mr. Tackett's request should be granted in

---

[9] The fact of Mr. Tackett's indigency has not been disputed in this Court.

[10] See note 5 *supra* for a discussion of the petitions seeking documents that have been filed in the circuit court by Mr. Tackett.

accordance with the *Call* opinion. We find that remand for such a determination is not necessary as the *Call* opinion resolves this matter.

This Court, in *Call*, established that an indigent criminal defendant who has entered a plea of guilty is entitled to a free copy of the record of his or her case. The Court in *Call* stated that "henceforth an indigent criminal defendant shall always be entitled, upon request, to a free transcript of the entire record of his case." *Id.* at 193, 220 S.E.2d at 668. The Court then expressly held that, "[u]pon request, an indigent defendant in a criminal case who enters a guilty plea is entitled to a transcript of all proceedings against him, including the indictment, pre-trial motions, pre-trial hearings, and any other matter of record." Syl. pt. 1, *Call*, 159 W. Va. 191, 220 S.E.2d 665.[11] *Call* further observed that this is a constitutional right, commenting that "the denial of a free transcript to [Mr. Call] is unconstitutional." *Id.* at 193, 220 S.E.2d at 668.[12] The *Call* opinion acknowledged that Mr. Call sought his trial record "to prepare his case on *habeas corpus*." *Call*, 159 W. Va. at 193, 220 S.E.2d at 668. Thus, under *Call*, Mr. Tackett clearly is entitled to "a transcript

---

[11] The *Call* opinion overruled an earlier case in which the Court had held that, "[u]nder the provisions of Code, 51-7-7, as amended, there is no duty on the part of the state to furnish to the accused a transcript of the testimony and proceedings of a trial where the accused has entered a plea of guilty." *State ex rel. Wright v. Boles*, 149 W. Va. 371, 141 S.E.2d 76 (1965), *overruled by Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975).

[12] *Cf.* Syl. pt. 1, in part, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977) (holding, in the context of a criminal defendant's preparation for an appeal, that "[a]n indigent criminal defendant . . . is . . . constitutionally entitled to a copy of the trial court record, including the transcript of the testimony, without cost to him. West Virginia Constitution, Article III, Sections 10 and 17.").

7

of all proceedings against him, including the indictment, pre-trial motions, pre-trial hearings, and any other matter of record." Syl. pt. 1, in part, *Call*, 159 W. Va. 191, 220 S.E.2d 665.

In the context of the instant matter, though, it is important to note that an indigent criminal defendant's entitlement to his or her trial record is not without limitation. This is particularly true where, as here, the underlying offenses involve sensitive facts and a victim of tender years. For example, under Rule 18.03 of the West Virginia Trial Court Rules,[13] Mr. Tackett is not entitled to a copy of any recorded interview of his child victim or to any transcript or related documentation of such an interview. Accordingly, we now hold that an indigent criminal defendant's entitlement to a free copy of the transcript of the proceedings against him or her, and to all other matters of record, does not include copies of any transcripts or other documents or matters of record that are protected from disclosure, such as copies of any recorded interview of a child victim or any transcript or related documentation of such an interview, which are protected from disclosure under Rule 18.03 of the West Virginia Trial Court Rules.

---

[13] Rule 18.03 of the West Virginia Trial Court Rules is part of a series of rules pertaining to recorded interviews of children. *See* W. Va. T.C.R. §§ 18.01 to 18.04. Rule 18.03 governs access to and use of such recordings, transcripts of recordings, and other related documentation.

***B. Use of Discovery to Obtain Transcripts and Other Matters of Record
for Preparing a Post-Conviction Petition for Writ of Habeas Corpus***

As to use of discovery, Mr. Tackett concedes that a request for information and documents relevant to the completion of a petition for a writ of habeas corpus is not discovery. He claims, however, that he must have the information he seeks to enable him to review the process below "to ensure that all his constitutional rights . . . have been honored," and to accurately complete the "Post-Conviction Habeas Corpus Form" set forth in the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings ("Post-Conviction Habeas Rules"). *See* W. Va. Post-Conviction Habeas R. App. A. Mr. Tackett complains that this form requires "provision of detail that a lay person should not be expected to possess as a matter of course" and that the form itself warns that a failure to set forth all grounds in the petition may result in the petitioner being barred from presenting additional grounds at a later date. Mr. Tackett additionally asserts that this Court's decision in *State ex rel Wyant v. Brotherton*, 214 W. Va. 434, 589 S.E.2d 812, incorrectly minimizes the requirements for completing the form and is distinguishable on the facts. Judge Poling replies that, pursuant to West Virginia Code section 53-4A-4(a) (LexisNexis 2016) and the Post-Conviction Habeas Rules, an inmate is not entitled to discovery prior to the filing of a habeas corpus petition. We agree with Judge Poling.

"Discovery" in the context of seeking the production of documents or other evidentiary material generally does not occur outside of some form of litigation.[14] *See* Black's Law Dictionary 419 (5th ed. 1979) (defining "discovery," in part, as "[t]he pre-trial devices that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial"). *See, e.g.*, W. Va. R. Civ. P. 26 to 37 (pertaining to depositions and discovery);[15] W. Va. R. Crim. P. 16 (providing generally rules for disclosure of evidence by the State and by the defendant in preparation for a criminal trial).[16]

The use of discovery in connection with a post-conviction habeas corpus proceeding is governed by Rule 7 of the Post-Conviction Habeas Rules. Under Rule 7, discovery may be had in post-conviction habeas corpus proceedings only upon leave of the court:

> (a) Leave of court required. — In post-conviction habeas corpus proceedings, a prisoner may invoke the

---

[14] *But see* W. Va. R. Civ. P. 27 (providing for the taking of certain depositions *before* an action or pending appeal has been brought when the requirements set out in the rule have been met).

[15] The West Virginia Rules of Civil Procedure "govern the procedure in all trial courts of record in all *actions*, *suits*, or *other judicial proceedings of a civil nature* whether cognizable as cases at law or in equity . . . ." W. Va. R. Civ. P. 1 (emphasis added).

[16] The West Virginia Rules of Criminal Procedure "govern the procedure in all *criminal proceedings* in the circuit courts of West Virginia . . . and whenever specifically provided in one of the rules, to *criminal proceedings* before West Virginia magistrates." W. Va. R. Crim. P. 1 (emphasis added).

processes of discovery available under the West Virginia Rules of Civil Procedure if, and to the extent that, the court in the exercise of its discretion, and for good cause shown, grants leave to do so. If necessary for effective utilization of discovery procedures, counsel shall be appointed by the court for a petitioner who qualifies for the appointment of counsel under Rule 3(a).

(b) Requests for discovery. — Requests for discovery shall be accompanied by a statement of the interrogatories or requests for admission and a list of the documents, if any, sought to be produced.

(c) Expenses. — If the respondent is granted leave to take the deposition of the petitioner or any other person, the court may, as a condition of taking the deposition, direct the respondent to pay the expenses of travel, subsistence and fees of counsel for the petitioner to attend the taking of the deposition.

W. Va. Post-Conviction Habeas R. 7. Interpreting this rule, this Court has previously explained that, "unlike an ordinary civil litigant, a habeas petitioner 'is not entitled to discovery as a matter of ordinary course.' *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1797, 138 L. Ed. 2d 97, 103 (1997)." *State ex rel. Parsons v. Zakaib*, 207 W. Va. 385, 390, 532 S.E.2d 654, 659 (2000). Thus, we have held that,

[i]n proceedings under the West Virginia Post–Conviction Habeas Corpus Act, W. Va. Code §§ 53-4A-1 to -11, discovery is available only where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if resolved in the petitioner's favor, would entitle him or her to relief.

Syl. pt. 3, *Parsons*, 207 W. Va. 385, 532 S.E.2d 654.[17]

_____

[17] Discussing the adoption of the Post-Conviction Habeas Rules, the Court observed that

11

Nothing in Rule 7 provides for discovery prior to the filing of a post-conviction petition for writ of habeas corpus. Similarly, under West Virginia Code section 53-4A-4(a), which is part of the West Virginia Code article pertaining to post-conviction habeas corpus, discovery is available only after a petition for writ of habeas corpus has been filed and the circuit court has made certain determinations.[18]

---

> [t]he most significant aspects of the Habeas Corpus Rules largely codify habeas practice as it was prior to 1998.
>
> This is clearly evident in the area of discovery. In accord with our earlier holding in *Gibson*[ *v. Dale*], where we limited discovery to circumstances where a "petitioner can demonstrate that the materials in the possession of the State contain relevant evidence which would enable . . . [the petitioner] to prove specific allegations entitling him to relief," [173 W. Va. 681, 689, 319 S.E.2d 806, 814 (1984)], Habeas Corpus Rule 7(a) now similarly requires that a habeas petitioner obtain leave of court through "good cause shown" before invoking discovery procedures. Rule 7(a) is intended to be consistent with the standard enunciated in *Gibson*.

*State ex rel. Parsons v. Zakaib*, 207 W. Va. 385, 389-90, 532 S.E.2d 654, 658-59 (2000) (footnotes omitted).

[18]*See* W. Va. Code § 53-4A-4(a) (LexisNexis 2016) (providing, in part, that "[i]f it shall appear to the court that the record in the proceedings which resulted in the conviction and sentence, including, but not limited to, a transcript of the testimony therein, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, or all of such records, or any part or parts thereof, are necessary for a proper determination of the contention or contentions and grounds (in fact or law) *advanced in the petition*, the court shall, by order entered of record, direct the state to make arrangements for copies of any such record or records, or all of such records, or such part or parts thereof as may be sufficient, to be obtained for examination and review by the court, the state and the petitioner" (emphasis added)). *See also Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 813 (1984) ("Nor does it appear that the statute entitles a petitioner for post-conviction habeas corpus relief to unlimited compulsory discovery. Although the statute allows the

Although Mr. Tackett protests that the form petition to be used in filing a post-conviction petition for writ of habeas corpus is complex and requires a copy of the record, we disagree. Under the Post-Conviction Habeas Rules,

> [t]he petition shall be in substantially the form annexed to these rules as Appendix A. The petition shall specify: (1) all the grounds for relief which are available to the petitioner; (2) a summary of the facts supporting each of the grounds specified; and (3) a specific statement of the relief requested. The petition shall be typewritten or legibly handwritten and shall be signed or verified under penalty of perjury by the petitioner.

Rule 2(a), in part, *id.* We have previously observed that,

> [p]lainly absent from this rule is any requirement for the attachment of supporting documentation. Similarly, the instructions for the form petition provided in Appendix A permit, but do not require, the attachment of supporting documentation. Instruction number 2 states, in relevant part: "[a]dditional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief." The form petition provided in the appendix to the rules is intended to assist a petitioner in stating simply and concisely the grounds upon which the petitioner claims he or she is being held unlawfully, and in providing a brief statement of the facts supporting such claims. To reach this end, the form even goes so far as to provide "a list of the most frequently raised grounds for relief in habeas corpus proceedings." Appendix A, Rules Governing Post-Conviction Habeas Corpus Proceedings.

*State ex rel. Wyant v. Brotherton*, 214 W. Va. at 439, 589 S.E.2d at 817 (footnote omitted).

Even though the form petition requires a brief statement of supporting facts, records from

court considerable flexibility in receiving evidence offered by the petitioner, W. Va. Code § 53-4A-4(a) (1983 Cum. Supp.) requires the court to order production of records and documents in the possession of the State only if it appears to the court that 'such records, or any part or parts thereof, are necessary for a proper determination of the contention or contentions and grounds (in fact or law) *advanced in the petition*.'" (emphasis added) (footnote omitted)).

13

the circuit court are not necessary to provide them at the petition stage.  As the United

States Supreme Court has remarked,

> "[t]he usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript.  He may well have a need of a transcript [to support his claim] but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack."  [*United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964)].

*United States v. MacCollom*, 426 U.S. 317, 327-28, 96 S. Ct. 2086, 2092-93, 48 L. Ed. 2d

666 (1976).


Furthermore, protections, such as appointing counsel and allowing an

amended petition, are built into the rules for circumstances where a petition may have merit

but is insufficient to support a fair adjudication of the petitioner's claims:

> If, upon initial review of the petition and any exhibits in support thereof, the court determines that the petitioner may have grounds for relief but the petition, as filed, is not sufficient for the court to conduct a fair adjudication of the matters raised in the petition, the court shall appoint an attorney to represent the petitioner's claims in the matter, provided that the petitioner qualifies for the appointment of counsel under Rule 3(a).  The court may order appointed counsel to file an amended petition for post-conviction habeas corpus relief within the time period set by the court.

W. Va. Post-Conviction Habeas R. 4(b).  This process is commonly used.  *See, e.g.*, *Allman*

*v. Sallaz*, No. 19-0012, 2020 WL 1674263 (W. Va. Apr. 6, 2020) (memorandum decision)

(relating that, after petitioner filed petition for writ of habeas corpus without representation,

14

petitioner was appointed counsel who filed an amended petition); *Keith Ray H. v. Harlan*, No. 19-0186, 2020 WL 1674274 (W. Va. Apr. 6, 2020) (memorandum decision) (same); *Galloway v. Ames*, No. 18-0688, 2019 WL 6048283 (W. Va. Nov. 15, 2019) (memorandum decision) (same); *Finley v. Ames*, No. 18-0312, 2019 WL 5854042, (W. Va. Nov. 8, 2019) (memorandum decision) (same); *Jessica M. v. Sallaz*, No. 17-1142, 2019 WL 2404582 (W. Va. June 7, 2019) (memorandum decision) (same); *Cline v. Mirandy*, 234 W. Va. 427, 429, 765 S.E.2d 583, 585 (2014) ("Petitioner filed the current petition for writ of habeas corpus in 2006. The circuit court appointed counsel and directed that he file an amended petition if required.").

In fact, when a petition fails to provide adequate factual support, a circuit court is permitted to dismiss the petition without prejudice and direct that it be refiled with adequate factual support. W. Va. Post-Conviction Habeas R. 4(c). *See also* W. Va. Post-Conviction Habeas R. App. A, Instruction 7 (advising that "[p]etitions [that] do not conform to these instructions will be returned with a notation as to the deficiency"). Based upon the foregoing reasoning, we hold that an inmate may not engage in discovery in relation to a post-conviction habeas corpus proceeding prior to the filing of his or her petition seeking a writ of habeas corpus. Discovery may be had in a post-conviction habeas corpus proceeding only after a petition has been filed and only as permitted by Rule 7 of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings.

# IV.

## CONCLUSION

For the reasons explained in the body of this opinion, we conclude that an indigent criminal defendant who has entered a plea of guilty and has not previously obtained the documents to which he or she is entitled, which includes a free copy of the transcript of the proceedings against him or her and other matters of record, may obtain those documents, upon request, for purposes of preparing a petition for writ of habeas corpus. However, the defendant's entitlement to those transcripts and records does not include copies of any transcripts or other documents or matters of record that are protected from disclosure. We additionally conclude that discovery under Rule 7 of the West Virginia Post-Conviction Habeas Rules may not be used to obtain court records for purposes of preparing a petition for writ of habeas corpus.

To the extent that Mr. Tackett is an indigent inmate who has never received a copy of a transcript of the proceedings against him or other matters of record, he is entitled to those records with the exception of any material that is subject to protection from disclosure, such as copies of any recorded interview of his child victim or any transcript or related documentation of such an interview. Thus, Mr. Tackett has met the standard for the issuance of a writ of mandamus. He has a clear right to the relief he seeks and has no other adequate remedy at law, and the circuit court has a duty to provide the requested relief. Accordingly, we grant the writ of mandamus. However, because Mr. Tackett may not be entitled to all of the documents he seeks, and because he admits that some of the

16

records he seeks may not be in the possession of the circuit court and therefore are not subject to disclosure by the court, we grant the writ as moulded.

Writ Granted as Moulded.