# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Harold B.,**
**Petitioner Below, Petitioner**

**vs)   No. 19-0524** (Harrison County 18-C-146-3)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Harold B.,[1] by counsel David Mirhoseini, appeals the May 6, 2019, amended order of the Circuit Court of Harrison County denying his amended petition for a writ of habeas corpus in his second habeas corpus proceeding. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In May of 2010, petitioner was indicted in the Circuit Court of Harrison County on the following five counts: one count of first-degree sexual assault; two counts of first-degree sexual abuse; and two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. Upon petitioner's motion, the circuit court severed one count of first-degree sexual abuse, which involved a different victim. In December of 2010, following a jury trial, petitioner was convicted of one count of first-degree sexual assault and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust. Petitioner was acquitted of the remaining two charges.

In May of 2011, the circuit court sentenced petitioner to a term of incarceration of ten to twenty years for his conviction of sexual abuse by a parent, guardian, custodian, or person in a position of trust and a term of incarceration of 25 to 100 years for his conviction of first-degree sexual assault, to be served concurrently. Thereafter, petitioner appealed his convictions to this Court, raising the following assignments of error: (1) the circuit court erred in allowing the victim's mother, a State witness, to be present in the courtroom during the testimony of her daughter; (2) the circuit court erred when it admitted photographs of a tractor and allowed testimony on the same without sufficient authentication of their relevance or whether the person on the tractor was petitioner; (3) the circuit court erred in sustaining the State's objections to petitioner's questioning of the investigating officer and the person who conducted the forensic interview of the child victim; (4) the victim was inherently unbelievable, and her testimony was insufficient to support the jury's verdict; and, (5) the cumulative effect of these errors constituted a due process violation of petitioner's constitutional rights. In *State v. [Harold B.]* ("*Harold B. I*"), No. 11-0941, 2012 WL 3079154 (W. Va. May 29, 2012) (memorandum decision), this Court rejected petitioner's assignments of error and affirmed the decision of the circuit court.

On May 10, 2013, petitioner filed a petition for writ of habeas corpus in the circuit court. The circuit court appointed counsel to represent petitioner in the habeas proceeding. On September 2, 2014, petitioner filed a *Losh* checklist indicating his desire to waive certain grounds for relief.[2] Petitioner's *Losh* checklist was accompanied by a certificate signed by petitioner and a certificate signed by habeas counsel, stating that they discussed the grounds listed thereon and that any ground not raised will be deemed waived in subsequent proceedings. Habeas counsel's certificate further stated, in pertinent part, that "[c]ounsel for petitioner certifies that he has examined the available records of the convicting court(s)."

On February 10, 2015, the circuit court held an omnibus hearing, at which petitioner was the only witness. At the omnibus hearing, the circuit court addressed all the grounds raised by petitioner: (1) ineffective assistance of trial counsel; (2) constitutional errors in evidentiary rulings; (3) allegedly prejudicial statements by the prosecution; (4) sufficiency of the evidence;

---

[2] In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we compiled a nonexclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding. *Id.* at 768-70, 277 S.E.2d at 611-12.

2

and (5) improper communication between an assistant prosecutor and a juror. By order entered on December 14, 2015, the circuit court denied the petition. In *Harold B. v. Ballard* ("*Harold B. II*"), No. 16-0029, 2016 WL 5210852 (W. Va. September 19, 2016) (memorandum decision), this Court affirmed the circuit court's December 14, 2015, order denying petitioner's first habeas petition, adopting the "well-reasoned findings and conclusions" set forth therein. *Id.* at *3.

On May 30, 2018, petitioner filed the instant petition for a writ of habeas corpus, alleging that his habeas counsel and habeas appellate counsel provided ineffective assistance in the first habeas proceeding. By order entered on May 30, 2018, the circuit court appointed counsel to represent petitioner in the instant habeas proceeding. On August 15, 2018, petitioner filed an amended petition, alleging ineffective assistance of counsel on the part of his trial counsel, his appellate counsel in *Harold B. I*, his habeas counsel in the first habeas proceeding, and his habeas appellate counsel in *Harold B. II*. Petitioner argued that his former attorneys failed to raise additional issues which should have been raised in the prior proceedings and failed to make additional arguments under those issues which were raised in the prior proceedings. By order entered on January 16, 2019, the circuit court denied the amended petition.

On January 19, 2019, petitioner filed a motion to alter or amend the January 16, 2019, order, seeking the opportunity to file a second amended petition pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia.[3] On March 26, 2019, respondent filed a response to the motion. On May 6, 2019, the circuit court granted the motion to the extent that it entered an amended order clarifying that it was denying petitioner's second amended petition because all the issues related to petitioner's former attorneys were waived or adjudicated in either *Harold B. I* or *Harold B. II*.

Petitioner now appeals the circuit court's May 6, 2019, amended order denying the

---

[3]Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia provides:

> The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived. *If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support.* The court shall cause the petitioner to be notified of any summary dismissal.

(Emphasis added).

petition. This Court reviews a circuit court order denying a petition for a writ of habeas corpus under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Furthermore,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, *id.* at 412, 787 S.E.2d at 865. Similarly, pursuant to the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 to -11, "discovery is available only where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if resolved in the petitioner's favor, would entitle him or her to relief." Syl. Pt. 2, *State ex rel. Wyant v. Brotherton*, 214 W. Va. 434, 589 S.E.2d 812 (2003) (quoting Syl. Pt. 3, *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 532 S.E.2d 654 (2000)).

However, because we have before us the denial of petitioner's second habeas petition, we first consider the application of Syllabus Points 3 and 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), in which this Court held, in pertinent part:

> A waiver of a constitutional right must be knowing and intelligent, that is a voluntary relinquishment of a known right, and if the waiver is conclusively demonstrated on the record at trial or at a subsequent omnibus habeas corpus hearing, the waiver makes any issue concerning the right waived *res judicata* in succeeding actions in habeas corpus.
>
> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

On appeal, petitioner argues that the circuit court erred in denying the instant petition prior to an opportunity for discovery and completion of another omnibus hearing because his waiver

was not knowingly and intelligently made in *Harold B. II*. Respondent counters that the circuit court properly denied the petition. We agree with respondent.

Based upon our review of the February 10, 2015, omnibus hearing transcript, we find that petitioner testified extensively regarding the issues he was waiving at that hearing. Initially, the circuit court advised petitioner that if he failed to raise a ground for relief at the hearing, he would be "forever barred" from raising the issue in the future. Petitioner responded that he understood. Next, habeas counsel informed the circuit court that he met with petitioner twice to prepare him for the omnibus hearing, and that as a result of those meetings, petitioner wanted to waive allegedly erroneous jury instructions, which was an issue that was raised in petitioner's petition. Habeas counsel asked petitioner, "What I was asking is [the] instructions to the jury is something you're not complaining about anymore, correct?" Petitioner answered, "Right."

The circuit court went through the complete *Losh* checklist with petitioner, requiring him to state "raise" or "waive" as to each ground for relief listed thereon. At the end of the circuit court's questioning, it was unclear whether petitioner was claiming that he was mentally incompetent at the time of the offenses. For clarification, habeas counsel asked petitioner if he wanted to waive that issue which was "[n]umber 39 on the *Losh* list." Petitioner responded that he wanted to waive number 39 on the *Losh* checklist. Habeas counsel further confirmed, for the second time, that petitioner was waiving the argument that the jury instructions were erroneous. Petitioner responded, "Correct." Finally, habeas counsel asked petitioner if there were any other issues he wanted to raise:

Q. Now, [petitioner], have I covered all of the claims that you and I have mutually discussed that you want and have this only opportunity to present today?

A. Yes, sir.

Q. Okay. Is there any other—is there anything else you want to tell this [c]ourt that I failed to asked you?

A. No, I think we covered everything.

In light of petitioner's testimony at the omnibus hearing, we find that his waiver of all grounds not raised at the hearing was knowingly and intelligently made. Therefore, after reviewing the record and our decisions in *Harold B. I* and *Harold B. II*, we concur with the circuit court's finding that all the issues related to petitioner's attorneys were waived or adjudicated in either *Harold B. I* or *Harold B. II*.[4] Accordingly, we conclude that the circuit court's denial of the instant

---

[4]Petitioner argues that because trial counsel did not testify at the omnibus hearing, there was no testimony regarding counsel's trial strategy in *Harold B. II*. We disagree. Petitioner's testimony reflected that it was counsel's trial strategy not to make unnecessary objections and not to cross-examine the child victim too vigorously because, if petitioner was perceived to be "picking on a child, [the jury would] go against [petitioner]." In affirming the circuit court's denial (continued . . .)

habeas petition was not an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's May 6, 2019, amended order denying petitioner's amended petition for a writ of habeas corpus in his second habeas corpus proceeding.

Affirmed.

**ISSUED**: September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

of petitioner's first habeas petition, we noted in *Harold B. II* that "[i]t is a very common concern that objections often highlight a point that the objector actually wishes to conceal" and that it was "reasonable to believe that a harsh cross-examination of a five[-]year[-]old alleged sexual assault victim would prove distasteful to a jury." 2016 WL 5210852, at *5. We further noted in *Harold B. II* that the jury acquitted petitioner of two out of the four charges that he was facing at trial. *Id.* at *1.