# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason M. Payne,**
**Petitioner Below, Petitioner**

**vs)   No. 19-1197** (Morgan County 19-C-61)

**Russell Matson, Superintendent,**
**St. Marys Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**February 2, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Self-represented petitioner Jason M. Payne appeals the November 21, 2019, order of the Circuit Court of Morgan County dismissing with prejudice his petition for a writ of habeas corpus. Respondent Russell Matson, Superintendent, St. Marys Correctional Center, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument.[2] Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Due to petitioner's transfer, the "person having the immediate custody" of him has changed and has been substituted as the respondent. *See* W. Va. Code § 53-4A-5.

[2]On October 30, 2020, petitioner filed a motion to file a supplemental appendix and for appellate counsel to be appointed. Based on our review of the appellate record, we find that we can dispose of petitioner's appeal on the present record and without additional briefing or oral argument. Therefore, we deny petitioner's motion.

1

In September of 2007, petitioner was indicted on one count of first-degree murder and one count of conspiracy arising from the murder of Keese Bare. At petitioner's trial, which began on May 5, 2008, Amanda Kerns Ecatah testified that she received a call from her brother, Vernon Kerns Jr., requesting that she come to a campsite referred to as "Lot 17." Upon her arrival at the campsite, Mr. Kerns informed Ms. Ecatah that "they [petitioner, Mr. Kerns, and Jerome "B.J." Smith] were going to kill Keese." Ms. Ecatah testified that she then observed Mr. Smith cut Mr. Bare's throat while Mr. Bare was restrained by petitioner and Mr. Kerns. After his throat was cut, Mr. Bare stood up and began to run, at which time Mr. Kerns stabbed him with a knife. Ms. Ecatah further testified that petitioner told Mr. Bare "that is what happened to people that told" and that, after Mr. Bare was stabbed, petitioner beat him in the head with a metal baton until the baton bent in half. When Ms. Ecatah pleaded with petitioner to stop, petitioner responded that "he wasn't going to jail for attempted murder." The three men then burned Mr. Bare's body in the fire pit at the campsite. Ms. Ecatah testified that Mr. Bare was killed due to the belief that he was going to implicate the group in a credit card fraud case. On cross-examination, Ms. Ecatah acknowledged that she had a criminal history of forgery and that she had previously lied to the police when questioned about Mr. Bare's murder. Ms. Ecatah acknowledged the differences between her statement to the police and her trial testimony.

Petitioner testified that he arrived at Lot 17 and saw Mr. Kerns, Mr. Smith, Ms. Ecatah, and Mr. Bare drunk around the fire pit. Mr. Kerns, Mr. Smith, and Mr. Bare walked away from the fire. Petitioner claimed that, after the three walked away together, he saw Mr. Bare drop to the ground and lay motionless after Mr. Kerns and Mr. Smith, who were beating Mr. Bare, stopped hitting him. Petitioner further testified that Mr. Kerns and Mr. Smith dragged Mr. Bare's body into the fire. Although petitioner admitted to previously having a metal baton similar to that described by Ms. Ecatah, he denied participating in the murder of Mr. Bare. Following trial, the jury convicted petitioner of second-degree murder, a lesser-included offense of first-degree murder, and found him not guilty of conspiracy. The circuit court sentenced petitioner to forty years of incarceration plus an additional five years of incarceration as a recidivist.[3] In *State v. Payne* ("*Payne I*"), No. 11-1045, 2012 WL 3104253 (W. Va. June 22, 2012) (memorandum decision), this Court affirmed petitioner's convictions. Relevant here, the Court rejected petitioner's argument that Ms. Ecatah's phone records constituted exculpatory evidence that should have been disclosed to him. *Id.* at *4-5

On November 5, 2012, petitioner filed a petition for a writ of habeas corpus. Habeas counsel was appointed, and an amended petition and a *Losh* checklist were filed on June 10, 2015.[4] In its March 15, 2016, order, the circuit court noted that "any grounds not raised in the petition for

---

[3]Petitioner was previously convicted in Morgan County Case Nos. 01-F-11 and 00-F-52 and Howard County, Maryland, District Court Case No. 3T00049808.

[4]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See* 166 W. Va. at 768-70, 277 S.E.2d at 611-12.

habeas corpus are deemed waived [pursuant to] *Losh v. McKenzie*, 166 W. Va. 762[, 277 S.E.2d 606] (1981)." The circuit court denied the amended petition, finding that, based on the record and the criminal appeal in *Payne I*, "each of [p]etitioner's claims fail to show any constitutional error or any need for an evidentiary hearing." Specifically, the circuit court noted that, in *Payne I*, this Court found that petitioner's claim that Ms. Ecatah's phone records were exculpatory evidence was without merit. In *Payne v. Ballard* ("*Payne II*"), No. 16-0340, 2017 WL 2633507 (W. Va. June 19, 2017) (memorandum decision), this Court affirmed the circuit court's March 15, 2016, order denying the amended petition and adopted its "well-reasoned findings and conclusions." *Id.* at *3.

On April 18, 2017, petitioner's counsel filed a motion in the circuit court to reopen the habeas proceeding in *Payne II* based upon petitioner's receipt of a notarized letter from Mr. Kerns, who was convicted of the first-degree murder of Mr. Bare in a separate trial. The letter stated Mr. Kerns's intention to "come forward and accept the fully [sic] responsibility in the murder that [petitioner] and I was [sic] convicted of." In his letter, Mr. Kerns detailed that petitioner:

> has been in prison for something he honestly had nothing to do with. Keese (the dece[a]sed) was telling on my sister Amanda [Ecatah] and I [sic] for other crimes somehow the state never charged her for something she was clearly apart [sic] of yet they charged [petitioner] and he really did nothing.

By order entered on July 28, 2017, the circuit court denied the motion to reopen, finding that the notarized letter lacked reliability and was contradicted by Mr. Kerns's testimony at his own trial. At his trial, Mr. Kerns testified that both he and petitioner participated in Mr. Bare's murder.[5] The circuit court reasoned that Mr. Kerns's letter would not produce a different outcome in petitioner's proceeding. The circuit court further rejected petitioner's argument that an alleged June 17, 2017, phone conversation petitioner had from his correctional facility with Mr. Kerns's other sister, Laura Kerns, constituted newly discovered evidence. The circuit court found that Laura Kerns's alleged statement, even if accurate, was too vague to be reliable in that petitioner alleged that Laura Kerns "talked about how she knew [of Ms. Ecatah]'s involvement and that . . . [Mr. Kerns] and [p]etitioner never threatened [Ms. Ecatah]."

In *Payne v. Ames* ("*Payne III*"), No. 17-0730, 2019 WL 181454 (W. Va. January 14, 2019) (memorandum decision), petitioner appealed the circuit court's denial of the motion to reopen the habeas proceeding. Petitioner did not refer to his June 17, 2017, phone conversation with Laura Kerns in *Payne III*, but argued Mr. Kerns's letter constituted newly discovered evidence that warranted a new trial in the underlying criminal proceeding. *Id.* at *3. This Court rejected petitioner's argument and affirmed the circuit court's denial of the motion. *Id.* at *5.

During the pendency of petitioner's appeal in *Payne III*, he filed the instant petition for a writ of habeas corpus on August 25, 2017. The instant petition was not ruled upon until November 21, 2019, because petitioner filed it in the underlying criminal action rather than as a separate

---

[5]Mr. Kerns did not testify at petitioner's trial due to the invocation of his Fifth Amendment privilege not to testify against himself.

action.[6] On appeal, petitioner challenges the circuit court's rulings as to two claims.[7] Petitioner alleged below that the following constituted newly discovered evidence: (1) Mr. Kerns's November 29, 2016, notarized letter; (2) petitioner's June 17, 2017, phone conversion with Laura Kerns; (3) Ms. Ecatah's phone records; and (4) copies of the forged checks from the credit card fraud investigation that, according to the State, provided the motivation behind Mr. Bare's murder. Petitioner further alleged that habeas counsel was ineffective by not filing a petition for rehearing in *Payne III* or investigating petitioner's claims of newly discovered evidence before withdrawing from the case.[8]

By order entered on November 21, 2019, the circuit court found that petitioner's newly discovered evidence claims were previously adjudicated in *Payne I*, *Payne II*, and/or *Payne III*. The circuit court further found that, due to its earlier rulings and subsequent affirmations by this Court, petitioner failed to "present any ground on which [the ineffective assistance of habeas counsel claim] could even possibly have been successful." Therefore, the circuit court treated the ineffective assistance claim as derivative of the newly discovered evidence claims. Accordingly, as to the claims raised therein, the circuit court found that it could dismiss the petition pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia ("habeas rules").

Petitioner now appeals the circuit court's November 21, 2019, order dismissing with prejudice the instant habeas petition. This Court reviews a circuit court order dismissing a habeas petition under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

[6]In its November 21, 2019, order, the circuit court directed the August 25, 2017, habeas petition be given a separate civil action case number. The circuit court found that, contrary to petitioner's argument that a *third* habeas petition was filed in July of 2018, a search of the records in *Payne I*, *Payne II*, and *Payne III* showed that no such putative petition was filed. On appeal, petitioner does not challenge this finding. Rather, petitioner attributes the 2018 putative petition's lack of filing to either the circuit court or the United States Postal Service. Regardless of the reason for the lack of filing, we find that the circuit court's determination that the 2018 putative petition was never filed was not clearly erroneous.

[7]The circuit court rejected two other claims raised by petitioner, who challenged the amount of restitution he is required to pay in the underlying criminal action and the deductions made from his prison trust account to pay restitution and assessed court costs in the underlying action. Petitioner does not raise either of those issues on appeal.

[8]The circuit court granted habeas counsel's motion to withdraw from petitioner's case by order entered on July 26, 2017.

law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 1, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)).

On appeal, petitioner argues that, because the circuit court dismissed the instant petition pursuant to Habeas Rule 4(c), the dismissal should have been without prejudice. Habeas Rule 4(c) provides:

> **Evaluation for Summary Dismissal; Contents of Summary Dismissal Order.** The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived. If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal.

Respondent argues that Habeas Rule 4(c) permits a circuit court to dismiss a petition without prejudice when the dismissal is based upon a lack of adequate factual support and that the dismissal in this case had a different basis. We agree. The circuit court dismissed the instant petition pursuant to Habeas Rule 4(c) because it found that the claims raised therein were previously adjudicated in *Payne I*, *Payne II*, and/or *Payne III*. Here, the first three items of alleged newly discovered evidence petitioner listed in his petition were: (1) Mr. Kerns's November 29, 2016, notarized letter, which this Court found did not constitute newly discovered evidence in *Payne III*; (2) petitioner's June 17, 2017, phone conversion petitioner had from his correctional facility with Mr. Kerns' other sister, Laura Kerns, whose alleged statement was found to be unreliable by the circuit court in the July 28, 2017, order that was affirmed in *Payne III*; and (3) Ms. Ecatah's phone records, which this Court found were not exculpatory evidence in *Payne I*, on which the circuit court relied to reject the same claim in *Payne II*.

Respondent concedes that the fourth item of alleged newly discovered evidence—copies of the forged checks from the credit card fraud investigation that reportedly provided the motivation

behind Mr. Bare's murder—was not adjudicated in any prior proceeding.[9] However, respondent argues that this Court may still affirm the dismissal of the petition. We agree. This Court has long held that it may "affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, in part, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). We have further held that "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 2, *White*, 215 W. Va. at 699, 601 S.E.2d at 19 (quoting Syl. Pt. 1, *Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658).

Based on our review of the record, we find that petitioner did not raise a newly discovered evidence claim in his instant habeas petition. Rather, petitioner made a discovery request, arguing that handwriting analysis of the forged checks would show that Ms. Ecatah's involvement in the fraud scheme if the circuit court "would test [them]." In Syllabus Point 2 of *State ex rel. Wyant v. Brotherton*, 214 W. Va. 434, 589 S.E.2d 812 (2003), we held that:

> "[i]n proceedings under the West Virginia Post–Conviction Habeas Corpus Act, W. Va. Code §§ 53-4A-1 to -11, discovery is available only where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if resolved in the petitioner's favor, would entitle him or her to relief." Syllabus point 3, *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 532 S.E.2d 654 (2000).

Here, assuming, arguendo, that handwriting analysis would show Ms. Ecatah's involvement in the credit card fraud scheme, we find that it would not entitle petitioner to relief. In *Payne I*, *Payne II,* and *Payne III*, as well as the instant case, petitioner has argued that Ms. Ecatah testified falsely at his trial by minimizing her own involvement in Mr. Bare's murder and/or the fraud scheme that led to it. However, even if Ms. Ecatah minimized her involvement in the criminal activity, that would not mean that petitioner did not participate in Mr. Bare's murder.

"Credibility determinations are for a jury and not an appellate court." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). At petitioner's trial, Ms. Ecatah testified that petitioner beat Mr. Bare in the head with a metal baton until the baton bent in half. However,

---

[9]In Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held, in pertinent part, that:

> [a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing [and] newly discovered evidence[.]

the jury also heard that Ms. Ecatah (1) had a criminal history of forgery; (2) previously lied to the police when questioned about Mr. Bare's murder; and (3) testified differently from a statement she gave to the police. Finally, petitioner testified at his trial that, while he was a bystander, he did not participate in Mr. Bare's murder. The jury obviously believed that petitioner participated in murdering Mr. Bare, as they convicted him of second-degree murder.

Proving that Ms. Ecatah lied to minimize her criminal involvement is different than petitioner being able to show that he was not involved in the murder. For example, while petitioner also relies on Mr. Kerns's letter to show that he did not participate in the murder, in *Payne III*, we rejected the argument that that letter constituted newly discovered evidence that would warrant a new trial. 2019 WL 181454, at *3. We noted that Mr. Kerns's letter was contradicted by his testimony at his own trial that both he and petitioner participated in Mr. Bare's murder. *Id.* More specifically, Mr. Kerns testified that petitioner "bent that baton over [Mr. Bare's] head," at *id.*, which is consistent with Ms. Ecatah's testimony at petitioner's trial.

Given this and other findings from *Payne I*, *Payne II*, and *Payne III*, the circuit court found that, regardless of the alleged deficiency in habeas counsel's performance, nothing would have changed the outcome of the prior proceedings. The standards for evaluating an ineffective assistance of counsel claim are as follows:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

> . . . .

> In deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. Pts. 1 and 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

Here, we concur with the circuit court's finding that there was no likelihood that, but for habeas counsel's alleged errors, the result of the prior proceedings would have been any different because all of the items claimed by petitioner to be newly discovered evidence and warranting a new trial fail to show that he did not participate in Mr. Bare's murder. In summary, we agree with respondent that, although one of the claims was not adjudicated in the prior proceedings, we may affirm the denial of the instant petition as the various rulings and findings in *Payne I*, *Payne II*, and *Payne III* show that petitioner is not entitled to relief on any of the claims therein. Accordingly, we

7

conclude that the circuit court did not abuse its discretion in denying the instant petition.[10]

For the foregoing reasons, we affirm the circuit court's November 21, 2019, order dismissing with prejudice the instant petition for a writ of habeas corpus.

Affirmed.

ISSUED: February 2, 2021

CONCURRED IN BY:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[10]As respondent notes, petitioner fails to clearly set forth his assignments of error in his brief. Like respondent, we presume that petitioner means for the headings in the brief to be his assignments of error. The headings are: (1) the dismissal of the instant petition should have been without prejudice; (2) petitioner should be granted a new trial because of newly discovered evidence; (3) counsel should be appointed and an evidentiary hearing held with regard to the instant petition; (4) habeas counsel provided ineffective assistance; and (5) the circuit court erred in finding that the putative habeas petition from July of 2018 was not filed with the court. We have addressed all of these issues herein. To the extent that petitioner's brief could be interpreted as raising additional issues, we decline to address such issues pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996), *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).