STATE *Ex Rel.* DAVID WRIGHT

*v.*

OTTO C. BOLES, *Warden,* W. VA. PENITENTIARY

(No. 12420)

Submitted March 2, 1965.          Decided March 23, 1965.

*John T. Kay, Jr.,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

Petitioner, David Wright, filed his application for a writ of habeas corpus ad subjiciendum in this Court on January 9, 1965, alleging that : he "was found guilty" in the Circuit Court of Hampshire County and on May 4, 1964, was sentenced to one to ten years imprisonment in the penitentiary of this state; he thereafter filed a request with the court to furnish him with a copy of his "trial transcript" in order to appeal, which request the court granted and ordered the court reporter to supply him with a transcript; and, the court reporter failed to furnish such transcript thus depriving him of his right of appeal and of the equal protection of the laws as guaranteed by the constitution of this state and of the United States. Filed as an exhibit with the petition is a copy of an order entered by the Circuit Court of Hampshire County on September 1, 1964, directing the court reporter to prepare and forward to petitioner a copy of the proceedings and evidence in the case.

This Court granted the writ sought, returnable February 23, 1965, and appointed counsel to represent him before this Court. On the return day, the respondent appeared by counsel, pursuant to the writ, made his return and demurred to the writ on the ground that an appeal ordinarily does not lie from a judgment entered on a plea of guilty and therefore, noncompliance with the court order directing preparation of a transcript, an impossibility, does not constitute a denial of due process or of equal protection of the laws.

Respondent's return avers that: petitioner was indicted by the grand jury attending the April, 1964, term of the Circuit Court of Hampshire County on two indictments containing a total of five counts; petitioner was arraigned, entered pleas of not guilty as to four counts, pleading guilty to the fifth, entering without breaking, and thereafter, on his motion, sentence was deferred pending a hearing on petitioner's eligibility for probation; on May 4, 1964, a hearing was held and evidence presented concerning petitioner's qualifications for probation, after which the court overruled petitioner's application for probation and sen-

tenced him to a term of one to ten years; court orders reflect that petitioner was represented by counsel at his arraignment and at the probationary hearing; and, on September 1, 1964, the Circuit Court of Hampshire County, on application of petitioner, directed the court reporter to furnish petitioner with a copy of the transcript of "the proceedings and evidence in this matter." The return then avers that it was impossible for the court reporter to comply with this order for the reason that no written notes of the proceedings were made and concludes that petitioner is lawfully detained. Attached to the return as an exhibit is an affidavit by Verdie E. Teets, official court reporter for the Circuit Court of Hampshire County, to the effect that no transcript was supplied to the petitioner "because the defendant plead guilty and no evidence was taken down in the case, and the parole (sic) hearing was conducted informally before the Court and no testimony was required to be taken down. . . ."

The above mentioned averrals of the return are stipulated as true by counsel for both parties herein in addition to the fact that no transcript has been furnished to petitioner.

This is not a direct attack upon the judgment of the Circuit Court of Hampshire County of May 4, 1964, sentencing petitioner to imprisonment for an indeterminate period of one to ten years for the felony offense of entering without breaking a building of another, inasmuch as his petition was not filed in this Court until January 9, 1965, more than eight months after entry of the judgment complained of. However, he attacks that judgment collaterally in this proceeding in habeas corpus upon the ground that it is void because he was deprived of a constitutional right to apply to this Court for a writ of error within the statutory period due to the failure of the court reporter to furnish him with a "trial transcript" without cost inasmuch as he was an indigent person. This Court exists and functions only by virtue of the Constitution and Acts of the Legislature of West Virginia. Article VIII, Section 6, of the Constitution provides: "A writ of error, supersedeas, or

appeal shall be allowed only by the supreme court of appeals, or a judge thereof, upon a petition assigning error in the judgment or proceedings of the inferior court and then *only* after said court or judge *shall have examined and considered the record and assignment of errors,* and is satisfied there is error in the same; or that it presents a point proper for the consideration of the supreme court of appeals." (Italics supplied.) Thus it is clear from this language that a convicted defendant in a criminal case may not, as a matter of right, have his conviction reviewed by a writ of error.

Code, 58-5-1, as amended, provides insofar as pertinent:

"A party to a controversy in any circuit court may obtain from the supreme court of appeals, or a judge thereof in vacation, an appeal from, or writ of error or supersedeas to, a judgment, decree or order of such circuit court in the following cases: . . .

"(j) In any criminal case where there has been a conviction in a circuit court or a conviction in an inferior court which has been affirmed in a circuit court."

Code, 51-7-7, as amended, provides in part: "In any case wherein the court has appointed counsel for an indigent person under an indictment for either a misdemeanor or felony and such indigent accused *has been tried and found guilty under such indictment* and desires to seek an appeal or writ of error from the court's judgment on such conviction, the court, upon written request of such convicted person's counsel setting forth the grounds upon which the appeal or writ of error will be sought, shall authorize and direct the court reporter to furnish a transcript of the testimony and proceedings of the trial, . . . without charge to him, for use in seeking his appeal or writ of error, . . . ." (Italics supplied.)

In *Linger* v. *Jennings,* 143 W. Va. 57, 99 S. E. 2d 740 (1957), it was held by a slightly divided Court that the language of the last quoted statute was clear and unambiguous and imposed upon a trial judge the mandatory duty to provide an alleged indigent convicted defendant with *"a*

*transcript of the record of the testimony and proceedings had in the trial at which he was convicted"*, even though he was represented at his trial, and in this Court in the proceeding in mandamus, by counsel employed by him. (Italics supplied.)

In the two cases styled *State* v. *Bosworth*, 143 W. Va. 725, 105 S. E. 2d 1 (1958), the general principle laid down in the *Jennings* case was approved and it was held that the determination of whether a defendant convicted of a felony is indigent within the meaning the statute rests within the sound discretion of the trial court. In *State ex rel. Banach* v. *Boles*, 147 W. Va. 850, 131 S. E. 2d 722, it was held that the refusal to supply an admittedly indigent convicted defendant with a copy of the transcript of his trial, when timely requested, rendered the judgment of conviction void and subjected it to successful collateral attack in a proceeding in habeas corpus. This Court went a step further in *State ex rel. Legg* v. *Boles*, 148 W. Va. 354, 135 S. E. 2d 257 (1964), and held that failure to furnish a convicted defendant with a copy of the proceedings had at a hearing upon an information under the provisions of the recidivist statute was fatal to the judgment of conviction.

The Supreme Court of the United States, in the five to four landmark decision of *Griffin* v. *Williams*, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891, decided in 1956, held that it was a violation of the Fourteenth Amendment to deprive a convicted defendant of any right of appeal afforded to other persons similarly situated. In the opinion the Court said: ". . . We must therefore assume for purposes of this decision *that errors were committed in the trial* which would merit reversal, but that the petitioners could not get appellate review of those errors solely because they were too poor to buy a *stenographic transcript"*. (Italics supplied.) These subsequent decisions of the Supreme Court of the United States provide clarification of the principles enunciated in the *Griffin* case: *Lane, Warden* v. *Brown*, 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892; *Draper* v. *Washington*, 372 U. S. 487, 83 S. Ct. 774, 9 L. Ed. 2d 899; and *Norvell* v. *Illinois*, 373 U. S. 420, 83 S. Ct. 1366, 10 L. Ed. 2d 456. In the

opinions of all of the cases herein cited the facts and the language used indicate that the duty to provide a transcript arises only in cases in which a defendant was convicted by the triers of the facts upon a plea of not guilty and not, as here, where such conviction was had upon a plea of guilty, the defendant being represented by counsel and there being no evidence of a deprivation of any constitutional right. We have sought to emphasize that fact by italicizing certain language of the statute and opinions of prior decisions quoted herein. This petitioner was represented by competent counsel at and prior to entering his plea of guilty as well as at his probation hearing. There was no duty on the Circuit Court of Hampshire County to provide petitioner with a transcript in the instant case.

Furthermore, this Court has held that a writ of error ordinarily will not be granted upon a conviction by means of a guilty plea where the judgment is properly entered. See *State* v. *Stone,* 101 W. Va. 53, 131 S. E. 872; *Nicely* v. *Butcher,* 81 W. Va. 247, 94 S. E. 147. The facts of this case do not take it out of this general rule. See *State ex rel. Burkhamer* v. *Adams,* 143 W. Va. 557, 103 S. E. 2d 777, in which a prisoner sought to invalidate a judgment of the trial court, convicting him upon a plea of guilty of murder of the first degree and sentencing him to death by electrocution, in a proceeding in habeas corpus. This Court affords the same right of review in such cases to the rich and the poor or, to use the language of the *Griffin* opinion, those "too poor to buy a stenographic transcript" and "defendants who have money enough to buy transcripts". We deny relief equally to both classes.

It is apparent that the trial judge was misled by petitioner's request for a "trial transcript" and that this Court granted the writ herein by the inaccurate allegation in the petition that petitioner "was found guilty" in the trial court. The prisoner will be remanded to the respondent, the warden of the penitentiary, to continue service of his sentence.

*Prisoner remanded.*