**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Julian Anthony Scardina,
Petitioner Below, Petitioner

**vs.) No. 22-0091** (Harrison County 22-C-157-1)

Jason Collins, Superintendent,
Denmar Correctional Center,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Petitioner Julian Anthony Scardina appeals the Circuit Court of Harrison County's January 13, 2022, order denying his petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner was arrested after he stole a vehicle and was involved in a number of collisions, causing significant damage in Clarksburg and throughout Harrison County. He was indicted on multiple counts: one count of breaking and entering, one count of grand larceny, four counts of destruction of property, one count of driving under the influence, one count of driving under the influence causing bodily injury, five counts of attempted malicious assault, two counts of leaving the scene of an accident, one count of reckless driving, and one count of fleeing in a vehicle with reckless indifference. Petitioner entered into a plea agreement with the State, which required that he plead guilty to grand larceny, destruction of property, attempted malicious assault, and reckless driving. He was further required to pay restitution, and he retained the right under the plea agreement to set a restitution hearing if he contested the amount of restitution proposed by the State. After an extensive plea colloquy, the Court accepted the plea agreement and sentenced petitioner to an effective six- to forty-six-year sentence.

---

[1] Petitioner appears by counsel Jeremy B. Cooper. Respondent appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy. Petitioner was previously housed at Saint Marys Correctional Center and, accordingly, named the superintendent of that facility as respondent. As petitioner is now incarcerated at Denmar Correctional Center, the appropriate public officer has been substituted pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

Petitioner filed a petition for a writ of habeas corpus, and his counsel later filed an amended petition that alleged defects in the indictment and double jeopardy related to the multiple counts of felony destruction of property; ineffective assistance of counsel; mental competency at the time of the crime; failure of counsel to take an appeal; and an involuntary guilty plea. The court held an omnibus evidentiary hearing, after which it denied petitioner habeas relief. It is from the court's order denying habeas relief that petitioner now appeals. Our review is guided by the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

We have repeatedly held,"[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." *Meadows v. Mutter*, 243 W. Va. 211, 218-19, 842 S.E.2d 764, 771-72 (2020) (citation omitted).

Petitioner first alleges that the indictment was defective, an argument that he did not raise before he entered into a plea agreement. Accordingly, respondent maintains that petitioner waived the right to challenge the validity of the indictment. This Court has long held that "[a]n appeal ordinarily does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." Syl. Pt. 2, *State ex rel. Wright v. Boles*, 149 W. Va. 371, 141 S.E.2d 76 (1965). Moreover, we have noted that a "defendant waives significant constitutional rights by entering into a plea agreement[]" including pre-plea defects or errors. *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 77, 404 S.E.2d 763, 768 (1991). Prior to accepting the plea agreement, the court conducted two hearings, petitioner provided a factual basis for the plea, and the court engaged in an extensive plea colloquy as to every count covered by the plea agreement. The court found that petitioner had entered into his plea agreement knowingly, intelligently, and voluntarily. Thus, petitioner waived his right to challenge any alleged defects to the indictment when he entered his guilty plea.

Even assuming arguendo that petitioner did not waive any argument as to the indictment, his argument is unavailing. This Court has held that,

> "[a]n indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." Syl. Pt. 6, *State v. Wallace,* 205 W.Va. 155, 517 S.E.2d 20 (1999).

2

Syl. Pt. 5, *State v. Haines*, 221 W. Va. 235, 654 S.E.2d 359 (2007). Each count of petitioner's indictment named a specific victim, described the exact property destroyed, and itemized the dollar amount of the loss. The indictment was facially sufficient, as it informed petitioner fully of the law and the factual allegations against which he was required to defend. Thus, the circuit court did not err in denying the petitioner habeas relief due to a defective indictment.

Moreover, we are not persuaded by petitioner's argument that he was subjected to double jeopardy because he was charged with multiple counts of felony destruction of property stemming from the same incident.[2] As respondent argued, the Legislature clearly intended the destruction of property statutes to support multiple charges for multiple victims occurring in the same criminal act. In *State v. Green*, 207 W. Va. 530, 537, 534 S.E.2d 395, 402 (2000), we noted that "whether a criminal defendant may be separately convicted and punished for multiple violations of a single statutory provision turns upon the legislatively-intended unit of prosecution." Here, the applicable statute, West Virginia Code § 61-3-30, is focused on the individual property interests, not the act or acts of destruction. *See id.* Petitioner was charged with destruction of multiple property interests stemming from multiple acts of destruction. Additionally, petitioner admitted during his allocution to destroying each piece of property as outlined in the respective counts in the indictment. Accordingly, petitioner was not subjected to double jeopardy where he was charged with several separate counts of felony destruction of property for separate property interests that were damaged during the same crime spree.

Petitioner also claims error in the court's denial of habeas relief based upon ineffective assistance of counsel. Notably, however, petitioner did not raise any ineffective assistance of counsel claim prior to entering into his plea agreement. To the contrary, petitioner affirmed to the court at his plea hearing that he was satisfied with his counsel's representation.

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

---

[2] West Virginia Code § 61-3-30(b), felony destruction of property, provides:

> Any person who unlawfully, willfully and intentionally destroys, injures or defaces the real or personal property of one or more other persons or entities during the same act, series of acts or course of conduct causing a loss in the value of the property in an amount of two thousand five hundred dollars or more, is guilty of the felony offense of destruction of property and, upon conviction thereof, shall be fined not more than two thousand five hundred dollars or imprisoned in the state correctional facility for not less than one year nor more than ten years, or in the discretion of the court, confined in the county or regional jail not more than one year, or both fined and imprisoned.

"In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Syl. Pt. 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999).

Syl. Pts. 8 and 9, *Montgomery v. Ames*, 241 W. Va. 615, 827 S.E.2d 403 (2019).

Petitioner alleged that counsel rendered ineffective assistance because he failed to explore mental state defenses; had an unwaivable conflict of interest; failed to take an appeal; failed to set a restitution hearing; and failed to investigate.[3] As to petitioner's claim that his counsel's representation was deficient because he failed to explore mental state defenses, counsel testified at the omnibus hearing that Dr. Edward Baker conducted a competency and criminal responsibility evaluation. Per Dr. Baker's report, petitioner was competent to stand trial and was criminally responsible at the time of the offense. Although petitioner argued below that he was not evaluated for diminished capacity, the court found that there was no other evidence presented or expert that testified as to the issue of whether or not petitioner was competent at the time of the crime. Additionally, petitioner's counsel testified that although voluntary intoxication would not be a valid defense, counsel considered it. Petitioner did not state how the case would be different if his counsel had explored mental state defenses and the court found that this was an insufficient ground for habeas relief. We agree and find that petitioner cannot show that his counsel was deficient by not pursuing a diminished capacity defense. Accordingly, petitioner failed to carry his burden of showing that he was entitled to relief.

Petitioner also maintains that his counsel had an imputed unwaivable conflict because counsel's supervisor was previously employed by the prosecutor's office. However, the court found that there was evidence at the omnibus hearing to show that petitioner signed a conflict waiver informing him of the supervisor's previous employment. Although the conflict waiver did not indicate that counsel's supervisor had been the assistant prosecuting attorney on petitioner's prior felony conviction, petitioner's counsel testified that he was not aware of this fact. In fact, counsel testified that he would have moved to withdraw if he was aware of this issue due to a possible recidivism charge. However, due to the fact that petitioner's plea agreement provided that there was no recidivist charge added to petitioner's sentence, petitioner's prior crimes had no bearing on his sentence. Moreover, although petitioner testified at the omnibus hearing that petitioner told his counsel that counsel's supervisor had previously prosecuted him, there was nothing other than petitioner's testimony to substantiate this. Additionally, petitioner did not present any evidence that counsel's supervisor had any involvement with petitioner's case. While petitioner argues that counsel's conflict satisfied the first prong of the *Strickland*, the circuit court, having received the waiver and having heard the testimony, disagreed. Petitioner pointed to no actual, specific conflict of interest that prejudiced him and he cannot show how, but for any errors

---

[3] Petitioner also claims that counsel failed to take action related to the allegedly defective indictment. Inasmuch as we have already determined that the indictment was not defective, this issue does not support an ineffective assistance of counsel claim.

of his counsel, he would have insisted on going to trial. *See Montgomery*, 241 W. Va. at 615, 827 S.E.2d at 403. Accordingly, we find that he was not entitled to the relief requested.

The habeas court found that there was insufficient evidence to support petitioner's argument that his counsel improperly failed to take an appeal. As noted above, a criminal defendant ordinarily cannot maintain an appeal where he has entered a guilty plea. *See Boles*, 149 W. Va. at 371, 141 S.E.2d at 76; *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978). However, "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Id.* at syl. pt. 1. Petitioner's counsel testified at the omnibus hearing that he did not believe that there were grounds for an appeal. At the omnibus hearing, petitioner's habeas counsel asked his counsel only two questions on the topic of failure to take an appeal, and the topic was not discussed during petitioner's direct or cross-examination. Further, there is nothing in the record to suggest that petitioner requested an appeal after he submitted his plea. Accordingly, petitioner failed to adduce evidence regarding any ground for appeal left viable after he entered his guilty pleas, and, therefore, is not entitled to habeas relief on his claim that his counsel failed to take an appeal.

As to petitioner's restitution claim, the court addressed the amount of restitution due to each victim during the plea allocution. By pleading guilty, petitioner waived his right to challenge the restitution. Additionally, petitioner's counsel testified at the omnibus hearing that petitioner's restitution was agreed upon before the sentencing hearing and that counsel tactically decided not to challenge restitution as "part of his defense strategy for requesting an alternative sentence." Ordinarily, a strategy decision cannot be the basis for a claim of ineffective assistance of counsel. *See State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 328, 465 S.E.2d 416, 430 (1995) (quoting *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995)). ( "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'") Petitioner's counsel's testimony concerning restitution was consistent with the omnibus order that stated, "the amounts [of restitution] were provided prior to the sentencing and the Petitioner never communicated to [counsel] that he wished to have a restitution hearing." Although petitioner testified that he contacted his counsel seeking a modification of the restitution order, he produced no other evidence in support of this argument. As such, petitioner has failed to carry his burden and is not entitled to habeas relief.

Finally, concerning petitioner's argument that his counsel was ineffective for failing to investigate the allegations against him, counsel testified at the omnibus hearing that he received discovery from the State, including video footage of petitioner's actions. He also testified that he met with petitioner multiple times. At the omnibus hearing, petitioner did not assert any argument or present any evidence to show that his lawyer's investigation was objectively deficient. As such, he is not entitled to habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2023

5

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn