**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Omar Deonte Lewis,
Petitioner Below, Petitioner

vs.) No. 22-0104 (Fayette County 21-C-110)

Russell Maston, Superintendent,
Saint Marys Correctional Center,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Petitioner Omar Deonte Lewis appeals the Circuit Court of Fayette County's January 12, 2022, order denying his petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner was traveling at a high rate of speed and a Mount Hope police officer activated his lights and siren and attempted to stop petitioner's vehicle. Instead of pulling over, petitioner continued driving in a reckless fashion, crossing the center line at times. He was ultimately arrested after he fled from police while driving under the influence in his motor vehicle and later on foot. He was indicted on the following counts: fleeing from an officer in a vehicle while driving under the influence, fleeing from an officer on foot, reckless driving, obstructing an officer, and driving left of center. Petitioner entered into a plea agreement with the State, wherein he agreed to plead guilty to fleeing in a vehicle while driving under the influence, a felony, and obstructing an officer, a misdemeanor. After a plea colloquy, the court found that petitioner knowingly and voluntarily entered guilty pleas to the two offenses, accepted the plea agreement, and sentenced petitioner.

---

[1] Petitioner appears by counsel Kyle G. Lusk and Brandon L. Gray. Respondent appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell. Petitioner was previously housed at Huttonsville Correctional Center and, accordingly, named the superintendent of that facility as respondent. As petitioner is now incarcerated at Saint Marys Correctional Center, the appropriate public officer has been substituted pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

Petitioner filed a petition for a writ of habeas corpus that alleged that his attorney provided ineffective assistance of counsel by failing to give petitioner guidance prior to his sentencing and failing to challenge the traffic stop. The court declined to hold an omnibus evidentiary hearing and it denied petitioner habeas relief. It is from the court's order denying habeas relief that petitioner now appeals. Our review is guided by the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

"On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." *Meadows v. Mutter*, 243 W. Va. 211, 218-19, 842 S.E.2d 764, 771-72 (2020) (citation omitted).

Petitioner first alleges that the court erred when it determined that an evidentiary hearing was not necessary. We have repeatedly held:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, *Antsey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). The post-conviction habeas corpus statute leaves the decision of whether to conduct an evidentiary hearing to the sound discretion of the circuit court. *Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 813 (1984). The circuit court was familiar with petitioner's case as it had presided over the plea and sentencing hearings. Further, the court concluded in its order that the petition "and the record in this matter, are more than sufficient for the [c]ourt to conduct a fair and thorough adjudication of the issues raised without an evidentiary hearing and without further briefing or oral argument in this matter." Moreover, the circuit court satisfied Rule 9(a) of the Rules Governing Post--Conviction Habeas Corpus Proceedings in West Virginia, which requires the court to "include in its final order specific findings of fact and conclusions of law as to why an evidentiary hearing was not required." Accordingly, we find that the circuit court did not abuse its discretion in ruling on the petition without conducting an evidentiary hearing.

Petitioner also claims error in the court's denial of habeas relief based upon ineffective assistance of counsel, arguing that counsel rendered ineffective assistance because he failed to provide appropriate sentencing advice prior to his plea and because counsel failed to challenge the

legality of petitioner's traffic stop. Notably, petitioner affirmed to the court at his plea hearing that he was satisfied with his counsel's representation.

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

> "In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Syl. Pt. 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999).

Syl. Pts. 8 and 9, *Montgomery v. Ames*, 241 W. Va. 615, 827 S.E.2d 403 (2019).

As to his initial claim of ineffective assistance of counsel, petitioner argues that his counsel never told him that if he pled guilty to a charge and later denied his guilt, that incarceration was guaranteed. Petitioner made a similar argument in support of his petition for habeas relief when arguing to the circuit court below. That court found that petitioner's argument was skeletal in nature, but further found that

> Petitioner wholly assumes and speculates that: 1) Plea Counsel would have offered advice to respond differently to the queries by the Probation Department and the [c]ourt; 2) additional advice by Plea Counsel would have altered Petitioner's statements to the Probation Officer and the [c]ourt; and 3) had Petitioner altered his statements, the [c]ourt would have found the same to be so significant that such statements would have overridden the other factors the [c]ourt considered in determining the appropriate sentence for Petitioner. Moreover, the court noted that it "can and should assume that the Petitioner responded to the Probation officer's and the [c]ourt's questions truthfully and sincerely, and, as such the [c]ourt is unclear how additional advice would have otherwise changed Petitioner's responses.

We agree with the circuit court and refuse to find that petitioner satisfied either prong of the *Strickland/Miller* standard. Specifically, petitioner failed to demonstrate that counsel's performance was deficient under an objective standard of reasonableness. Additionally, petitioner has not demonstrated a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. As such, petitioner has failed to carry his burden and is not entitled to habeas relief.

Finally, petitioner maintains that his counsel provided ineffective assistance by failing to challenge the validity of the traffic stop, a purported antecedent constitutional defect to his plea agreement. The circuit court found that

[a]sserting a challenge to an antecedent constitutional defect in the guise of an ineffective assistance of counsel claim does not otherwise alter the underlying purpose and nature of the challenge. Accordingly, the [c]ourt finds Petitioner, in the course of the entry of his guilty plea, knowingly and voluntarily waived his right to challenge the validity of the traffic stop.

This Court has long held that "[a]n appeal ordinarily does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." Syl. Pt. 2, *State ex rel. Wright v. Boles*, 149 W. Va. 371, 141 S.E.2d 76 (1965). Moreover, we have noted that a "defendant waives significant constitutional rights by entering into a plea agreement[]" including pre-plea defects or errors. *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 77, 404 S.E.2d 763, 768 (1991). Thus, petitioner waived his right to challenge the underlying traffic stop when he entered his guilty plea. Therefore, he is not entitled to habeas relief on his claim that his counsel failed to challenge the validity of the traffic stop.[2]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[2] Were we to assume that petitioner did not waive his rights to challenge the traffic stop, we nevertheless would find no error. The circuit court also found that petitioner's arguments were based upon speculation and innuendo. We agree. Before this Court, petitioner challenges the factual basis for the stop as articulated in the criminal complaint, claiming that it was "unlikely" or "illogical" that the officer was able to pace his vehicle or observe that he was swerving as described in the criminal complaint. Upon our review of the record, however, we are not persuaded by petitioner's unsupported allegations and decline to find that petitioner was able to overcome the *Strickland* reasonableness standard in evaluating his counsel's pre-plea decisions. Accordingly, petitioner is not entitled to habeas relief.

4